JOHN FITZPATRICK *v.* G. ALBERT HILL ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 74787

Memorandum filed June 17, 1952.

*Cornelius T. Driscoll,* of Branford, and *Nathan Resnik,* of New Haven, for the Plaintiff.

*Martin E. Gormley,* of New Haven, for the Defendants.

COMLEY, J.   This is an action against the state highway commissioner to recover damages for personal injuries alleged to have been caused by the

negligent operation of a highway department truck. In his second special defense, as amended, the defendant pleads governmental immunity claiming that at the time of the accident, he, through his servants and agents, was engaged in the performance of his governmental duty to keep the highway in question reasonably safe for public travel by removing snow therefrom and placing sand thereon. It also appears that the truck causing the injuries was covered by liability insurance.

The plaintiff demurs to this defense, calling attention to General Statutes, § 8297, which provides: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury." It is the contention of the highway commissioner that this statute does not abolish the defense of governmental immunity.

It is true that statutes authorizing actions against a state, being in derogation of sovereignity, are to be strictly construed. "Statutory consent to be sued merely gives a remedy to enforce a liability and submits the state to the jurisdiction of the court, subject to its right to interpose any lawful defense." 49 Am. Jur. 316; id., p. 314-316, §§ 97, 98.

However, where a statute gives the right to sue the state for personal injuries caused by negligence and the word "negligence" is expressly mentioned in the statute, it is usually held that the defense of governmental immunity is waived by necessary implication for otherwise the statute would confer merely an empty right upon the injured party. *Ouzts* v. *State Highway Department,* 161 S.C. 21; *Bell* v. *State Highway Department,* 204 S.C. 462; *Manion* v. *State Highway Commissioner,* 303 Mich. 1, *Arnold*

v. *State,* 148 N.Y. S. 479; *Borden* v. *State,* 184 N.Y. S. 285; see also annotations in 169 A.L.R. 105, 42 A.L.R. 1464 and 13 A.L.R. 1276, 1281.

It is difficult to understand the purpose of this statute or to perceive what useful end it would serve if the defendant's position were sustained, for it is difficult to conceive of an accident caused by the negligent operation of a motor vehicle by a servant or agent of the state to which the defense of governmental immunity would not apply provided the servant or agent was acting within the scope of his employment. If he were not, there would be no liability anyway on the ground of agency.

The demurrer is sustained.