GEORGE DOBIN *v.* STATE OF CONNECTICUT ET AL.

SUPERIOR COURT          TOLLAND COUNTY          FILE No. 8131

Memorandum filed November 23, 1960

*Rubinow & LaBelle,* of Manchester, for the plaintiff.

*Fisk, King & Caldwell,* of Rockville, for the defendants.

COTTER, J.  Plaintiff sues to recover for personal injuries, alleged to have been caused by the negligent operation of a state of Connecticut truck, by virtue of § 52-556 of the General Statutes, when the motor vehicle is owned and insured by the state.  The named defendant seeks to expunge that portion of the complaint which alleges that "said truck owned by the defendant State of Connecticut was insured by the defendant State of Connecticut against personal injuries or property damage," on the ground that it is improper and immaterial.  Recovery for a fatal injury in the amount of $75,000 under this statute was had in *Fairbanks* v. *State,* 143 Conn. 653, 655.  Plaintiff, of course, is given the right to sue the state, and without this statute the defense of governmental immunity would be available to the defendant.  *Fitzpatrick* v. *Hill,* 18 Conn. Sup. 35.

The historical evolution of the right to sue the state or sovereign and the defense of governmental immunity has been ably discussed by *Baldwin, J.,* in *Bergner* v. *State,* 144 Conn. 282, 284, 285, showing that there existed two immunities, one from suit, be-

cause the king under the ancient common law was the fountainhead of justice and could not be sued in his own court, and the other from tort liability, derived from the maxim that the king could do no wrong. These principles have become a matter for legislative, not judicial, determination and it has been recognized that the defense of governmental immunity has been whittled away by the legislature, so that our court notes among the several such statutes the one herein in question, which provides for recovery against the state for the negligent operation of its motor vehicles when they are insured against liability. *Bergner* v. *State,* supra, 287.

It would appear in the light of the history so reviewed and available in our case authority that a cause of action could not be maintained without legislative mandate, and the requisites set forth in § 52-556 are necessary, proper and material to recovery. The defendant in argument claims the allegation of insurance "would be better removed from the pleadings," citing *Moore* v. *State,* 15 Conn. Sup. 251, 252. However, this seems impossible, and the motion to expunge must be denied if the plaintiff is to have a cause of action for which recovery may be had.

The motion is denied.