JOHN D. HALE *v.* CRESTLINE REALTY, INC.

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

644

Argued June 8—decided August 4, 1961

*Herbert Hannabury,* with whom were *Robert L. Baum* and, on the brief, *Leo B. Flaherty, Jr.,* for the appellant (plaintiff).

*Bradley B. Bates,* with whom was *Raymond B. Green,* for the appellee (defendant).

SHEA, J. This action was brought on behalf of the plaintiff, a minor, by his mother and next friend, to recover damages for personal injuries alleged to have been sustained through the defendant's negligence. The jury returned a verdict for the plaintiff which the trial court set aside, and judgment was rendered for the defendant notwithstanding the verdict. Practice Book § 234. The plaintiff has appealed.

Viewing the evidence in the light most favorable to the plaintiff, the jury could have found the following facts: On June 23, 1958, the plaintiff, then a boy eight years of age, was injured when he fell

to the ground while descending a large tree located on the defendant's property. He had climbed into the tree by first standing on a stump and then stepping on to some spikes which had been driven into the trunk of the tree by other boys. These spikes were spaced at intervals so as to form a ladder to climb the tree. The plaintiff was able to reach the crotch by the aid of a piece of wood nailed higher up on the trunk. Above the crotch, there was a small wooden platform which had been built by other children, but the plaintiff did not climb up to it because he thought it was too dangerous. After staying in the crotch of the tree for a few minutes, the plaintiff started to descend. On his way down, while he was holding on to the piece of wood nailed to the tree, his foot missed one of the spikes and he fell to the ground, striking his head on the roots of the tree. The area where the tree was located had been used by the children in the neighborhood as a playground for more than five years. The plaintiff had played there on other occasions, and he had climbed the tree several times before the day of the accident. Ropes and lines with rubber tires attached to the ends of them had been suspended from the limbs of the tree and were used by the children as swings. The defendant purchased the property in April, 1957. It consisted of about ten acres of undeveloped, unimproved brushland, swampy in spots, with bushes and trees in the rear of the lot. The tree was in a hollow spot but it could be seen from the streets and houses in a nearby development. Prior to June, 1958, the president of the defendant had been seen on the land, and he had also been seen riding in his car near the property. The plaintiff was alone on the day when he fell. He had been warned by his mother not to play in this area.

Ordinarily, the owner of property is not bound to anticipate and provide for the presence of trespassers, since he may properly assume that they will not be there. When, however, the owner knows or should know that children are likely to trespass on a part of his property on which he maintains a condition which is likely to be dangerous to them, he may be held liable for harm resulting to them therefrom. *Wolfe* v. *Rehbein,* 123 Conn. 110, 113, 193 A. 608. The property owner is not bound to anticipate the presence of children by reason of the fact that a structure or other artificial condition on his land is one which would be likely to attract children. But if he knows or should know that they are likely to trespass, he is bound to anticipate their presence and to refrain from maintaining a condition likely to be dangerous to them because of their propensities for intermeddling and their failure to realize the risk involved. Restatement, 2 Torts § 339, comment a. It is only when the owner knows, or is chargeable with knowledge of, the likelihood that children will trespass on his property that he is under a duty to exercise due care not to do them injury. *Attardo* v. *Ambriscoe,* 147 Conn. 708, 710, 166 A.2d 458; *McPheters* v. *Loomis,* 125 Conn. 526, 533, 7 A.2d 437.

The burden was on the plaintiff to prove a breach of duty by the defendant in order to establish a basis for recovery. The ultimate test of the duty is to be found in the reasonable foreseeability of harm resulting from a failure to exercise reasonable care. *Botticelli* v. *Winters,* 125 Conn. 537, 542, 7 A.2d 443. This does not mean foreseeability of any harm whatsoever or foreseeability of the particular injury which happened. The test is: Would the ordinarily prudent man in the position of the de-

fendant, knowing what it knew or should have known, anticipate that harm of the general nature of that suffered was likely to result? *Worden* v. *Francis*, 148 Conn. 459, 465, 172 A.2d 196; *Noebel* v. *Housing Authority*, 146 Conn. 197, 201, 148 A.2d 766.

In this case there was no evidence to indicate that the defendant had any actual knowledge of the conditions which existed on and about the tree. The objects which had been attached or affixed to the tree had not been placed there by the defendant or its agents, and there is nothing to indicate that the company was aware of their existence. Nor was the defendant under any duty to inspect the land to discover whether there was any condition on it which would be likely to harm trespassing children. Prosser, "Trespassing Children," 47 Calif. L. Rev. 427, 451; see *McPheters* v. *Loomis*, supra, 531. Under such circumstances, the defendant cannot be held to have maintained the conditions which existed on the tree at the time of the plaintiff's fall. The trial court was correct in ruling that there was no actionable negligence on the part of the defendant.

We have chosen to dispose of this appeal on the ground stated, but that is not to imply that the circumstances of this case embrace the other elements essential to a recovery for injuries incurred by trespassing children.

There is no error.

In this opinion the other judges concurred.