WILLIAM A. LOUCHE ET AL. *v.* LUCY SILVESTRI
[THOMAS H. TAMONEY, EXECUTOR,
SUBSTITUTED DEFENDANT]

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued February 13—decided March 16, 1962

*Palmer S. McGee, Jr.,* for the appellant (defendant).

*Herbert A. Barall,* for the appellees (plaintiffs).

ALCORN, J.  This is an action in which the plaintiffs seek to recover damages for injuries received by the plaintiff William A. Louche, a twelve-year-old boy, when he fell from a tree which stood on land of the original defendant.  She died before the trial and her executor was substituted.  At the conclusion of the plaintiffs' case, the defendant rested and moved for a directed verdict, which the court denied.  The jury rendered a verdict for the plaintiffs, and the defendant moved to set it aside.  The parties and the court treated the motion as including a motion for judgment notwithstanding the verdict.  The court refused to set aside the verdict and to render judgment notwithstanding the verdict.  The defendant appealed, assigning error in the charge and in the denial of the motion to set the verdict aside and for judgment notwithstanding the verdict.  We consider the case as treated by the

parties and the court. *Glens Falls Ins. Co.* v. *Somers,* 146 Conn. 708, 713, 156 A.2d 146; *Hartlin* v. *Cody,* 144 Conn. 499, 505, 134 A.2d 245.

The essential facts are not disputed. Lucy Silvestri was the owner in possession of a tract of land adjoining, but separated by a fence from, an elementary school which William attended. The land contained a pond surrounded by a wooded area and scrub growth. William's mother had repeatedly told him not to go there. Mrs. Silvestri knew that children customarily played on the property. In the wooded area there was a dead tree, partly uprooted, leaning into the top of another tree. William trespassed on the property with another boy. Both boys climbed the dead tree in order to break off branches to use for fishing poles. After William had broken off two branches and dropped them to the ground, the other boy climbed down. William started down. He then sat on a dead limb, about six feet above the ground, on which he had previously stood. The limb broke, and he fell to the ground, landing among branches and twigs at the foot of the tree. He sustained the injuries for which he seeks damages.

The rule stated in Restatement, 2 Torts § 339, and adopted by us in *Wolfe* v. *Rehbein,* 123 Conn. 110, 113, 193 A. 608, is that a possessor of land is subject to liability for bodily harm to trespassing children caused by "a structure or other artificial condition" on his land, under the conditions described in the rule. See *Hale* v. *Crestline Realty, Inc.,* 148 Conn. 643, 646, 173 A.2d 500. In the present case, the defendant requested the court, in substance, to charge that if "the tree from which the plaintiff fell was in its natural state and . . . nothing had been done to it by the defendant to create any condition which

might have caused injuries to anyone," the defendant was entitled to a verdict. The court instructed the jury that one of the essential elements of proof by the plaintiffs was the "maintenance by the owner of an artificial structure or condition on the premises," and then it added, ". . . and that applies to a tree." We have so recently discussed the basis of liability of one in possession of land to trespassing children that repetition is unnecessary. *Hale* v. *Crestline Realty, Inc.,* supra; *Greene* v. *DiFazio,* 148 Conn. 419, 422, 171 A.2d 411. That the tree was not a structure or artificial condition maintained by Mrs. Silvestri is too. obvious to require discussion. The court should not have charged as it did and should have granted the defendant's motion to set aside the verdict. The crucial issue whether the tree constituted "a structure or other artificial condition" maintained by Mrs. Silvestri would obviously present itself in identical form on a new trial. Consequently, the court not only should have set aside the verdict but should have taken the second step and rendered judgment for the defendant. *Masterson* v. *Atherton,* 149 Conn. 302, 314, 179 A.2d 592; *Petrillo* v. *Bess,* 149 Conn. 166, 171, 179 A.2d 600.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant in accordance with his motion for a directed verdict.

In this opinion the other judges concurred.