RICHARD KRAUSE ET AL. *v.* ALMOR HOMES, INC., ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued June 8—decided July 12, 1962

*Robert C. Danaher,* for the appellant (named defendant).

*S. William Bromson,* with whom, on the brief, were *Charles N. Rodens, A. Ronald Burke, Solomon T. Burke* and *Irving Reiner,* for the appellees (plaintiffs).

ALCORN, J.   The plaintiffs brought this action against the named defendant, the owner of a tract of land in East Hartford, and three contractors engaged in construction and development work on the property.   The action was later withdrawn as to two of the contractors and went to trial before a jury as against the named defendant and the contractor who constructed the cellar walls for two houses on the property.   The jury found for the plaintiffs against the named defendant only.   The named defendant, hereafter referred to as the defendant, appealed, assigning error in the denial of a motion to set aside the verdict, in the finding and in the charge.   Only the attack on the charge is pursued in the briefs.   The defendant assigns error in the court's refusal to charge as requested and in its charging as it did in several respects.   All of the assignments center upon the correctness of the charge concerning the liability of a property owner to a trespassing child.   We have so recently discussed the principles applicable to that relationship that reiteration is unnecessary here.   *Louche* v. *Silvestri,* 149 Conn. 373, 376, 179 A.2d 835; *Hale* v. *Crestline Realty, Inc.,* 148 Conn. 643, 646, 173 A.2d 500; *Greene* v. *DiFazio,* 148 Conn. 419, 422, 171 A.2d 411.

The plaintiffs, a boy and his mother, sought recovery for the injuries sustained by the boy,

Richard, eleven years old, when he fell into a ditch from a board bridging the ditch. The board tipped and caused him to fall. The complaint, in part, substantially alleged the elements essential to establish the defendant's liability under the rule of the Restatement, 2 Torts § 339, adopted by us in *Wolfe* v. *Rehbein*, 123 Conn. 110, 113, 193 A. 608. The defendant denied the allegations of the complaint and pleaded a special defense of contributory negligence.

The complaint, having been drawn to state a cause of action not only against the defendant but also against its contractors, included, in addition to the allegations previously mentioned, a paragraph setting forth seven claims of negligence made against all defendants. In a written request to charge, the defendant sought to have the jury instructed to disregard this paragraph as inapplicable to any liability of the defendant. It also requested a charge applying the principles laid down in *Wolfe* v. *Rehbein*, supra, to the determination of its liability. The complaint alleged that Richard "was playing with other boys, on . . . [the] premises walking on a board, back and forth across a ditch to a cement foundation, on the defendant's, Almor Homes, Incorporated property, which ditch and foundation was created and maintained by the defendants, when the board which was negligently and carelessly placed and left thereon by . . . [the] defendants, on which . . . [the] plaintiff was walking, tipped over and caused him to be thrown into . . . [the] ditch." The plaintiffs produced evidence from which they claimed to have proved this allegation. There was no dispute that the boy was a trespasser.

The court, instead of charging as requested, discussed the quoted allegation as it related to the

general claims of negligence made against both the defendant and its contractor. The court then charged on the liability of a possessor of land to trespassing children substantially in accord with the rule of *Wolfe* v. *Rehbein,* supra. In the course of its discussion of this rule, the court said: "[I]f you believe that the Almor Homes Corporation knew of the general conditions and methods of operation here, that they were using these forms first on one side of the wall and then on the other to cross over . . . and that practice in itself was dangerous, and you so find, the fact that Almor Homes didn't know that this particular planking was over on that side of the building would be immaterial if the practice in general was dangerous to children and it was an unnecessary risk under the circumstances. If they knew the general conditions existing in that way, the fact that they didn't know the precise plank was in the precise location would not avail the Almor Company because Almor would have known of the general conditions." In so charging the jury, the court committed material error. The question for the jury was not whether a construction practice was "in general . . . dangerous to children" nor whether it was an "unnecessary risk." The question, rather, was whether the condition complained of was one which the defendant knew and realized, or should have known and realized, involved an unreasonable risk of death or serious bodily harm to trespassing children.

The plaintiffs claimed to be entitled to recover because Richard's fall was caused by a board insecurely placed across a ditch. The parties agreed in argument before us that the issue of the defendant's negligence was limited to the condition arising from the existence of the described board placed

to bridge the ditch. The jury's consideration should have been confined to the defendant's knowledge and realization of the specific condition alleged to have caused the injury. Beyond that, the language used by the court would lead the jury to believe that the defendant's knowledge of the existence of the defect complained of could be found to exist from a general knowledge of the work being done and the overall conditions obtaining on the premises. This was an incorrect guide for the jury. *New Britain Trust Co.* v. *New York, N.H. & H.R. Co.,* 145 Conn. 390, 393, 143 A.2d 438; *Long* v. *Savin Rock Amusement Co.,* 141 Conn. 150, 152, 104 A.2d 221. Since the plaintiffs claimed in the complaint that the board "tipped over," and in their claims of proof that it "fell from the foundation wall," it is obvious that the danger in the condition complained of arose from the improper or insecure placing of this particular board. The defendant's knowledge of any general practice of placing this or any other board at other times or locations in the course of the construction work could have no bearing on its knowledge of how this unit was placed.

The court thus failed to give the jury an accurate statement of the law applicable to the conditions of the case or one adapted to lead the jury to a legal and logical conclusion.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.