BEULAH FAILLE *v.* DOROTHY W. HOLLETT ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, JS.

Argued May 5—decided June 15, 1965

*Colin C. Tait,* with whom, on the brief, was *Bruce W. Manternach,* for the appellants (defendants).

*Bertlen F. Turner,* for the appellee (plaintiff).

PER CURIAM. The first trial of this action to recover damages for injuries from a fall by the plaintiff, a social guest, on the defendants' premises resulted in a judgment rendered by the court for the plaintiff. On appeal, this judgment was set aside and a new trial was ordered because the court had failed to find subordinate facts to support its conclusion that the plaintiff was free from contributory negligence. *Faille* v. *Hollett,* 150 Conn. 397, 190 A.2d 53.

The second trial, also to the court, resulted, as did the first, in a judgment for the plaintiff from which this appeal has been taken. The defendants seek numerous corrections of the finding, none of which can be made. The only remaining question before us is whether the conclusions drawn by the court from the subordinate facts that the defendants were

negligent and that the plaintiff was not must stand. In holding that they must, we repeat the statement in *Marley* v. *New England Transportation Co.*, 133 Conn. 586, 591, 53 A.2d 296: "Strictly speaking, a conclusion of negligence is ordinarily one of mixed law and fact, involving the determination of the standard of care required and its application to the facts of the particular case. . . . It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier as matter of fact." The present case falls within the last category.

There is no error.