## ELMER R. SEABERG *v.* STATE OF CONNECTICUT

CIRCUIT COURT

EIGHTH CIRCUIT
FILE No. CV 8-6511-4160

Memorandum filed August 17, 1966

*Elmer R. Seaberg,* pro se, the plaintiff.

*Albert G. Murphy,* of Hartford, for the defendant (state).

MACDONALD, J. This action was originally instituted in small claims and thereafter, upon appropriate motion by the defendant, was transferred to the regular civil docket. Practice Book § 912.

The plaintiff, a layman appearing pro se, seeks to recover of the state of Connecticut for property damage incurred as a result of a road sanding operation by a state highway department motor vehicle and a sanding machine attached thereto. The facts have been stipulated and may be summarized as follows:

The plaintiff was driving his automobile in a generally northerly direction on route 17 in the town of Middletown on December 22, 1964, at approximately 7:45 a.m. He observed a state highway truck coming from the opposite direction and, from that point, drove his car as far to the right as practicable. As the state highway truck passed him, the windshield and side of his car were struck by pieces of gravel, causing the damage alleged. The amount of damage is stipulated to be $44.58. At this point, the plaintiff turned around, followed the state highway truck and caused the truck to pull over to the side, at which time both drivers got out and looked at plaintiff's car.

At the time of the incident, the plaintiff was driving at a normal speed, estimated to be approximately forty miles per hour. The defendant's vehicle, driven by Raymond Tremblay, an employee of the state highway department for approximately ten years, started that morning at approximately 4:30 a.m. to sand the state highways in the Middletown area. The sand in the truck had been purchased from Shadow Lane Sand and Gravel Com-

pany. At the time of the incident, the defendant had, on the back of the truck, a jet sander, a device which is set in the rear of the truck body and is equipped with a hopper and a belt which feeds the sand onto a spinner which spreads it on the road. The plaintiff would like to point out that the truck-sander relationship is one of expediency and that regardless of the status applicable to the sanding device itself, it depends on and gets its work producing capability from the motor vehicle to which it is attached. At the time of the incident, the defendant's truck was going approximately twenty-five miles per hour. The driver does not specifically remember passing the plaintiff's vehicle and was not aware of the plaintiff until the plaintiff hauled him over.

It is a claim of the plaintiff that the sand in question was unsuitable for the use it was being put to at the time, inasmuch as it contained stones or other material of sufficient size to cause dents in an automobile body and to crack a windshield when used in the aforementioned manner. It is conceded that the defendant is insured.

In essence the action was instituted under the provisions of § 52-556 of the General Statutes, which provides in pertinent part that any person injured in property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against property damage shall have a right of action against the state to recover damages for the injury. Under this statute, and upon the agreed upon facts, the plaintiff had the right to sue the state. *Dobin* v. *State,* 22 Conn. Sup. 212. The question of sovereign immunity is not pertinent once the question whether or not the damage was caused by a motor vehicle owned by the state and operated by one of its employees

is resolved. *Dobin* v. *State,* supra; *Fitzpatrick* v. *Hill,* 18 Conn. Sup. 35; see 26 Conn. Atty. Gen. Rep. 52.

The pleadings indicate that the defendant has made much of the argument that the sanding machine was not a motor vehicle and particularly that the jet sander on the back of the truck is a device which is set in the rear of the truck body and is equipped with a hopper and a belt which feeds sand onto a spinner which spreads it on the road. If this be so, then of course the plaintiff would at least be required to present this claim as required by law and additionally to obtain consent of the state to institute this type of litigation. See § 4-165, providing that such claims be presented to the commission on claims, and *Fitzpatrick* v. *Hill,* supra. This argument, however, falls in view of the stipulated facts as to this particular piece of machinery and under the provisions of § 14-1 (26), as amended by Public Acts 1965, No. 448 § 1, particularly that portion thereof which specifically states that " '[m]otor vehicle' means any vehicle propelled or drawn by any power other than muscular," with certain exceptions not pertinent to the case at bar. It is conceded that the sanding machine in question was affixed to and operated by the motor or motors of the state highway truck.

It is held, therefore, that the plaintiff had and has a right of action, based on the stipulated facts, against the state of Connecticut under the provisions of § 52-556.

It does not, however, appear anywhere in the record that negligence of any state official or employee when operating this particular motor vehicle was either alleged or proved, or admitted. By the very terms of the statute, negligence is a condition precedent to recovery for damage, and the

plaintiff must establish negligence by a fair preponderance of all the evidence. What the plaintiff in essence claims is that, through no fault of his own, his automobile sustained certain damage as a result of the sanding operations of a truck owned by the state highway department and operated by one of its employees. Naturally, the plaintiff is morally indignant and quite understandably believes that he should be paid. He does fail to understand that negligence must first be established by a fair preponderance of the evidence.

If we assume arguendo that negligence may reasonably be inferred from some of the facts indicated, to wit that the sand used in the particular operation contained stones or gravel large enough to bounce off the road and strike and injure the plaintiff's motor vehicle, or stones or gravel large enough when thrown from the sanding machine directly at the plaintiff's motor vehicle to strike and injure it, then the question arises whether the defendant had actual or constructive notice of this particular defect in the sand being used in a perfectly legitimate and necessary operation. Not a scintilla of evidence in the record indicates that the state highway department knew, or should have known, of this potentially dangerous substance in the particular sand being used. Our law requires a defendant in this position to guard against probable dangers but does not require such a defendant to anticipate and guard against all possibility of danger. *Attardo* v. *Ambriscoe,* 147 Conn. 708; *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491; *Worden* v. *Francis,* 148 Conn. 459, 465, and cases cited; *Hale* v. *Crestline Realty, Inc.,* 148 Conn. 643.

In the instant situation, the burden was on the plaintiff to prove a breach of duty by the defendant in order to establish a basis for recovery. The

ultimate test of the duty is to be found in the reasonable foreseeability of harm resulting from a failure to exercise reasonable care. This does not mean foreseeability of any harm whatsoever or foreseeability of the particular injury which happened. The test is: Would the ordinarily prudent man in the position of the defendant, knowing what it knew or should have known, anticipate that harm of the general nature of that suffered was likely to result? *Hale* v. *Crestline Realty, Inc.*, supra, 646; *Botticelli* v. *Winters,* 125 Conn. 537, 542; *Worden* v. *Francis,* supra; *Noebel* v. *Housing Authority,* 146 Conn. 197, 201. Here, the question must be resolved in favor of the defendant.

Judgment may accordingly enter for the defendant.