Robert W. Smith, Administrator (Estate of Lawrence Smith) *v.* William C. Leuthner et al.

King, C. J., Alcorn, House, Thim and Ryan, Js.

Argued April 4—decided April 30, 1968

*William W. Sprague,* with whom, on the brief, was *David C. Rappe,* for the appellant (plaintiff).

*Philip S. Walker,* with whom, on the brief, was *Daniel W. Moger, Jr.,* for the appellees (defendants).

KING, C. J. The plaintiff, as administrator of the estate of Lawrence Smith, brought this action claiming damages for the death of his decedent, alleged to have been caused by the negligence of the defendants. The case was submitted to the court on the pleadings, a stipulation of facts, certain pictorial exhibits, and such other facts as the court may have found on a view of the areas in which the significant events occurred.[1] The court rendered judgment for the defendants, and the plaintiff appealed. The plaintiff's basic claim is that, as matter of law, the trier was compelled to conclude from the subordinate facts that the defendants were negligent.

On June 24, 1964, the defendant William C. Leuthner, an employee or agent of the defendant B. P. Cooley Company, hereinafter referred to as the company, was operating a 1964 automobile owned by the latter. At about 2:25 p.m., he parked the car off the public highway in the yard in front of the company's building on River Street (Route 32) in Stafford Springs and went inside the building, which is near the railroad station and the town hall. Leuthner left the key in the ignition switch of the vehicle. Within a few minutes thereafter, the car was stolen by Donald A. Hooper, a fifteen-year-old boy, who had ridden into town that day on a freight train. Hooper thereafter operated the car in a negligent manner and struck the plaintiff's decedent, causing his death. There is no claim that the decedent was chargeable with contributory negligence.

The complaint contains several specifications of negligence on the part of each defendant, but, for reasons which will hereinafter appear, we find it

---

[1] The finding does not indicate that the court found any material subordinate facts from a view of the areas involved or even that such a view was made. Practice Book § 620.

sufficient to discuss the liability of Leuthner only, and he will hereinafter be referred to as the defendant.

The plaintiff does not claim that the mere act of leaving the key in the ignition switch in and of itself constitutes negligence as matter of law. See cases collected in note, 91 A.L.R.2d 1326, 1333 § 4 [a] ; see also note, 51 A.L.R.2d 633, 646 § 9. He does, however, claim that, under the circumstances of this case, leaving the key in the ignition switch did constitute negligence as a matter of law.

We are not here concerned with whether the subordinate facts are sufficient to support an ultimate conclusion that the defendant was negligent, as in cases such as *Block* v. *Pascucci,* 111 Conn. 58, 59, 149 A. 210, for the trier did not reach such a conclusion in the present case. Rather, we must determine whether, on the subordinate facts, the trier was compelled, as matter of law, to conclude that the defendant was negligent.

A conclusion of negligence is ordinarily one of mixed law and fact, involving the determination of the applicable standard of care, which is a question of law, and its application to the facts of the particular case, which is a question of fact.[2] *Faille* v. *Hollett,* 152 Conn. 720, 721, 211 A.2d 701; *Marley* v. *New England Transportation Co.,* 133 Conn. 586, 591, 53 A.2d 296; see 2 Harper and James, Torts § 15.3, p. 880. The application of the standard of care to the particular facts becomes a question of

---

[2] As a matter of law, the standard of care is, in the ordinary case, as it was here, reasonable care, which is the care which a reasonably prudent person would exercise under the same circumstances. It is, however, for the trier of fact to determine whether the conduct of a defendant, in a given situation, met the requirements of the standard of reasonable care. *Film* v. *Downing & Perkins, Inc.,* 135 Conn. 524, 526, 66 A.2d 613.

law only when the mind of a fair and reasonable person could reach but one conclusion. If reasonable minds might differ as to that conclusion, the question is one to be determined by the trier as a matter of fact. *Greene* v. *DiFazio,* 148 Conn. 419, 425, 171 A.2d 411; *Bader* v. *United Orthodox Synagogue,* 148 Conn. 449, 454, 172 A.2d 192; *Marley* v. *New England Transportation Co.,* supra.

The ultimate test of the existence of a duty to use care, the nonperformance of which constitutes negligence, is to be found in the reasonable foreseeability of harm resulting from a failure to exercise that care. The test as applied to the present case is: Would the ordinarily prudent person, in the position of the defendant, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result from his failure to remove the key from the ignition switch? *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 499, 208 A.2d 748; *Hale* v. *Crestline Realty, Inc.,* 148 Conn. 643, 646, 173 A.2d 500.

In the instant case, the automobile was parked, during daylight hours, entirely off the highway in the company's yard, which was directly in front of its place of business. It does not appear that the motor was left running. Neither defendant had actual or constructive knowledge of Hooper's presence in the town. There was no past history of car thefts or any other criminal activity in the neighborhood or anything about the neighborhood which would be particularly conducive to the theft of an automobile.[3] Certainly, there are no facts from

---

[3] Whether such history or other facts would have adequately supported a conclusion of negligence is a matter not before us since the court did not draw that conclusion.

which the court was required to conclude that the defendant should reasonably have anticipated that leaving the key in the ignition switch would be likely to result in harm of the general nature of that which actually occurred, that is, the theft of the car and injury to person or property from the operation of the car by the thief. Even though the subordinate facts were largely stipulated, it was for the trier to determine whether leaving the key in the ignition switch, under the facts and circumstances of this case, constituted negligence. Its conclusion that such action was not negligence cannot be disturbed.

Our decision on this issue is dispositive of the appeal, and it is thus unnecessary to consider whether either the criminal act of the thief in stealing the automobile or his negligent operation of it after the theft would so intervene as to prevent the claimed negligent act of leaving the key in the ignition switch from constituting a proximate cause of the injury which occurred. See *Block* v. *Pascucci,* 111 Conn. 58, 60, 149 A. 210; note, 78 A.L.R. 471; 38 Am. Jur. 728, Negligence, § 71.

There is no error.

In this opinion the other judges concurred.