[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DECISION ON MOTION FOR SUMMARY JUDGMENT (#119)
I. NATURE OF THE PROCEEDINGS
The plaintiffs Melanie Heuberger, PPA, Susan Heuberger, and Susan Heuberger individually, instituted this negligence action on April 13, 1990, against the defendant Mildred Holcomb seeking to recover for damages Melaine allegedly sustained when she was struck by a motor vehicle owned by defendant Holcomb and operated by Lisa Maldonado. Maldonado was later made a party defendant.
The plaintiffs' four-count complaint sounds in negligence. The first and second counts are directed to the defendant Holcomb. The third and fourth counts are directed to the defendant Maldonado. The plaintiffs make the following allegations in their complains
On June 22, 1989, Melanie and defendant Maldonado were at defendant Holcomb's residence. Defendant Maldonado took defendant Holcomb's car keys and left the residence with Melanie. Maldonado entered Holcomb's motor I vehicle, started the ignition and proceeded to set the car in motion. In so doing, Maldonado caused the motor vehicle to strike Melanie thereby causing her serious injuries.
Melanie alleges in count one of the complaint that her injuries were caused by defendant Holcomb's negligence in that: (1) she left the ignition keys unattended in her residence where there were unsupervised minors who might use the keys to operate her motor vehicle, when she knew, or in the exercise of CT Page 1186 reasonable care should have known that it was dangerous to do so; (2) in that she failed to supervise Maldonado and/or Melanie in her residence thereby creating an unreasonable risk that the keys would be used to operate the vehicle, although in the exercise of reasonable care she could and should have supervised them; and (3) she failed to warn Maldonado and Melanie of the great risk of harm associated with taking her keys and operating her vehicle, although in the exercise of reasonable care she could and should have warned them.
On May 24, 1991, defendant Holcomb filed an answer and special defenses to the complaint. On May 13, 1991, the plaintiffs filed a reply to the defendant Holcomb's special defenses thereby closing the pleadings between the plaintiffs and defendant Holcomb.
On December 26, 1991, defendant Holcomb filed a motion for summary judgment in her favor pursuant to Conn. Practice Book Sec. 378, et seq., on the ground that (1) Holcomb owed no duty to Melanie and; (2) Holcomb's conduct was not the proximate cause of Melanie's injuries. Defendant Holcomb has filed a memorandum of law and various documents in support of her motion. The plaintiffs have filed a memorandum of law in opposition to defendant Holcomb's motion.
II. DISCUSSION
A. In General:
"Under our rules of practice, any party may move for summary judgment once the pleadings in a case are closed. Practice Book Sec. 379." Cummings Lockwood v. Gray, 26 Conn. App. 293,296 (1991). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. . . ." Conn. Practice Book Sec. 380. "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Conn. Practice Book Sec. 384.
 "`Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact;. . . a party opposing summary judgment must substantiate its adverse claim by showing that CT Page 1187 there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book Secs. 380, 381;. . . In deciding a motion for summary judgment the trial court must view the evidence in the light most favorable to the nonmoving party. . .' . . .`The test is whether a party would be entitled to a directed verdict on the same facts.'. . .". . . .
Connecticut sank Trust Co. v. Carriage Lane Associate,219 Conn. 772, 781 (1981) (citations omitted). B. Facts:
The following facts are undisputed by the parties. On June 22, 1989, the defendant Mildred Holcomb was living in a house on Baileyville Road in Middlefield with her fifteen year old son, Steven. (Mildred Holcomb's deposition pp. 12-13). Holcomb owned one motor vehicle, a standard-shift Subaru. (Id. pp. 15-16). Although Steven's male friends were permitted in the Holcomb home when Holcomb was absent, Holcomb and Steven had an understanding that female guests were prohibited in her absence. (Id. pp. 25-27). Holcomb was unaware of any occasion when girls had been visiting without her permission (Id. p. 27). Holcomb and Steven also had an understanding that he was not allowed to operate the Subaru because he did not know how to drive. (Id. p. 34).
On June 22, 1989, at approximately 5:30 p.m. Holcomb's fiance' picked her up in his motor vehicle for the evening; she planned to return home the following morning in time for work. (Id. pp. 28-29). When Holcomb left with her fiance', the Subaru was parked in the driveway. (Id. p. 37). The keys to the Subaru were on a key ring that was hanging on a hook next to the telephone in the kitchen. (Id. p. 31). At that time, Steven remained at the house with his friend Jesse. (Id. p. 33). Holcomb had left Steven alone at night on previous occasions. (Id. p. 29).
After Holcomb left for the evening, and unknown to her, Steven or Jesse telephoned and invited plaintiff Melaine Heuberger and defendant Lisa Maldonado both thirteen years old) over to the Holcomb residence. (Steven's deposition p. 20). Melanie and Lisa arrived at the house sometime thereafter and the four teenagers played video games and watched a movie. (Id. pp. 20-21). Holcomb was unaware that Melanie and Lisa were at her home at the time in question. (Holcomb's deposition p. 33). Furthermore she had never met Lisa. (Id. p. 40; Lisa's deposition pp. 18-18). Melanie, however, had on a few CT Page 1188 occasions previously visited the Holcomb house when Holcomb was present. Although Steven had on a few occasions invited Melanie to the house when Holcomb was absent, Holcomb herself was unaware of any time when Melanie was at the house in her absence. (Id. p. 24-26). While Melanie and Lisa were at the Holcomb residence on the evening in question, Melanie periodically left the house to smoke a cigarette. (Steven's deposition p. 21). At one point that evening, Steven and Melanie were outside by Holcomb's Subaru, while Melanie smoked a cigarette (Id. p. 22). When they returned inside, Steven removed the car keys from the rack in the kitchen and hid them on a knick knack shelf in the living room (Id. p. 23). He was concerned because he knew that Melanie had previously stolen a car. (Id. p. 30).
Later that evening, Jesse called his friends to arrange a plan to go miniature golfing together with Steven. (Id. p. 25-27). Steven then informed Melanie and Lisa that he and Jesse would be leaving to go miniature golfing. (Id. p. 25). Steven called Holcomb at her fiance's house to tell her that he and Jesse were going miniature golfing with friends; he did not tell Holcomb that Lisa and Melanie were in the house. (Mildred Holcomb's deposition p. 42). Sometime thereafter, Steven, Jesse and Melanie exited the house (Steven's deposition p. 26). Steven locked the door on his way out. (Id.) Unknown to Steven, Lisa remained inside the house (Lisa's deposition p. 32). Shortly thereafter, Jesse's friend picked up Steven and Jesse to go miniature golfing. (Steven's deposition p. 27). When Steven and Jesse left, Jesse could see Melanie walking in back of the house to find Lisa. (Id. p. 31). When Lisa heard the car leave she also exited the house and shut the door behind her. (Lisa's deposition p. 32).
The series of events that followed after Steven and Jesse left the house is disputed by Melanie and Lisa. For example, Melanie states in her deposition that she and Lisa walked about one quarter of a mile away from the Holcomb residence before they decided to return to the house at which time Lisa entered the house and emerged with the keys to the Subaru. Contrarily, Lisa stated in her deposition that when she exited the Holcomb house after the boys left, Melanie had the keys to the Subaru and attempted to drive it. In this court's opinion these conflicting facts are immaterial to the present motion.
The remaining facts are not disputed by the parties. At some time after the boys left, Melanie was standing in front of the Subaru, between the car and the house and Lisa was in the driver's seat of the car. Lisa turned the ignition in an attempt to start the car causing the car to jump forward and to pin CT Page 1189 Melanie to the wall of the house. Lisa then attempted to back up the vehicle, but instead caused the car to jump forward striking Melanie approximately three times. Eventually, the car rolled back enough to enable Melanie to free herself loose, and hop to the porch. One of the girls then called Melanie's mother who came over to the house immediately. Holcomb first learned of the accident when she received a telephone call from her sister at eleven o'clock that evening.
Melanie had never been given permission to take Holcomb's car at any time, nor had she been given permission to use the house key.
Defendant Holcomb has moved for summary judgment on the ground that she was not negligent as a matter of law because (1) she owed no duty to Melanie and (2) duty notwithstanding, Holcomb's conduct was not the proximate cause of Melanie's injuries.
The issue of proximate cause is dispositive of the present motion and the court need not address the issue of duty. Accordingly, this memorandum will address the issue of proximate cause only.
C. Proximate Cause:
The "issue of proximate cause is ordinarily a question of fact for the trier." Doe v. Manheimer, 212 Conn. 748, 756
(1989). Proximate cause "becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier of fact." Id. at 757. In Doe the Connecticut Supreme Court explained the test of proximate cause thusly,
 . . . the "test" of proximate cause is whether the defendant's conduct is a "substantial factor" in producing the plaintiff's injury. . . . The "substantial factor" test, in truth, reflects the inquiry fundamental to all proximate cause questions; that is, "`whether the hard which occurred was of the same general nature as the forseeable risk created by the defendant's negligence.". . ."In applying this test, we look "from the injury to the negligent act complained of CT Page 1190 for the necessary casual connection. . . ."'
Id. 758-59. (citations omitted.) "This causal connection must be based upon more than conjecture and surmise." Wu v. Fairfield, 204 Conn. 435, 439 (1987).
Defendant Holcomb maintains that as a matter of law, Holcomb's allegedly negligent conduct was not the proximate cause of Melanie's injuries. Melanie argues that causation is a question of fact for the trier, and therefore the issue of proximate cause should be resolved at trial.
In support of her argument that the trier of fact could find that Holcomb's conduct was the proximate cause of Melanie's injuries, the plaintiffs cite Mellish v. Cooney, 23 Conn. Sup. 350
(1962), in which the plaintiff's car was damaged when it was struck by a car owned by the defendant and operated by a thief. In Mellish the plaintiff had parked her car in the street and had left the keys in the ignition, when it was subsequently stolen. The court in Mellish rejected the defendant's argument that the act of the thief was an intervening cause that interrupted the chain of causation, and permitted the plaintiff to recover. Id. at 351. In so doing, the court in Mellish stated,
 No Connecticut case has been found as to whether the owner of an automobile who leaves the car with the keys in the ignition on a public street is liable for the acts of a thief. . . .
 In the present case, the court finds that leaving an automobile on a city street, after dark, with the keys in the ignition, was a negligent act, and that the defendant should have foreseen the distinct possibility that a thief might steal the car and cause damage to innocent persons.
Id. at 351.
Since Mellish v. Cooney was decided however, there has been other cases in Connecticut which the courts have not imposed liability on a car owner for the damages caused by a thief to an innocent third party. See Smith v. Leuthner, 156 Conn. 422 (1968) (Key in ignition); Burns v. Gleason Plant Security, Inc.,10 Conn. App. 480 (1987) (Key in ignition); Consiglio v. Ahern, CT Page 1191 5 Conn. Cir. 304 (App.Div. 1968) (Key in sun visor); Suglio v. National Credit System, Inc., 4 Conn. Cir. 133 (1966) (Key under car floor mat).
While the plaintiffs may correctly analogize the present action to Mellish v. Cooney, and the other above cited cases in that all the cases cited involved injuries caused by the operation of a stolen car, Mellish, and the other cases are clearly distinguishable in that they all involved situations where the owner left the car keys in the ignition, or in the car itself. In the present case, defendant Holcomb left the car keys in her home, from where they were subsequently taken and used without her permission.
Furthermore, it is undisputed in the present case that defendant Holcomb was unaware that Melanie and Lisa were at the Holcomb residence on the evening in question. It is further undisputed that Holcomb had no reason to believe that her fifteen year old son, Steven or his friend Jesse, would attempt to drive her car without her permission. Nor is it disputed that Melanie did not have permission to drive Holcomb's vehicle. In this court's opinion there is no genuine issue of material fact as to whether defendant Holcomb could or should have foreseen that Lisa or Melanie would take her car keys from inside her home and attempt to drive her car. Accordingly, it is decided that, as a matter of law, Holcomb's allegedly negligent conduct in leaving her car key on a key ring in the kitchen when she left her fifteen year old son, Steven, for the evening was not a substantial factor that caused Melanie's injuries, and hence that it was not the proximate cause of Melanie's injuries. Accordingly, it is found that defendant Holcomb's motion for summary judgment as to counts one and two of the plaintiffs' complaint should be granted. I
IV. CONCLUSION
For the reasons herein stated, it is concluded that defendant Holcomb's motion for summary judgment ought to be and is hereby granted.
It is so ordered.
ARENA, J.
Judgment enters in accordance with the foregoing Memorandum of Decision Michael Kokoszka, Clerk