[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Assuming without deciding that the plaintiff was a licensee, the defendant's duty of care to the plaintiff was limited in scope to that outlined in Laube v. Stevenson, 137 Conn. 469,474-5 (1951). The plaintiff does not claim that she is an invitee.
The plaintiff has failed to offer any allegations which contain facts which tend to show that the defendant had reason to know of the condition in the brook which: a) caused the fall and, b) caused the injury. Furstein v. Hill, 218, 610, 625 (1991). In fact, the plaintiff admits that she cannot identify the object which caused her injury.
The plaintiff argues that the defendant should have known that neighborhood children visited the brook on her property and therefore should have warned the plaintiff of the unidentified dangerous condition which caused the injury. In order to impose a heightened duty of care on this defendant the plaintiff must offer evidence of actual or constructive knowledge of the plaintiff's presence on her property. Morin v. Bell CourtCondominium Association Inc., 223 Conn. 323 (1992). As in the CT Page 5194Morin case, this plaintiff must be in a position to prove that she had made reasonably regular visits to the property such that she had created a predictable pattern of usage of the property. Id. at 331. The defendant's affidavit clearly establishes the opposite. The fact that the plaintiff was 15 years of age does not alter this requirement. Pastorella v. Stone, 89 Conn. 286
(1915); Louche v. Sylvestri, 149 Conn. 373 (1962).
The Motion for Summary Judgment is granted.
MOTTOLESE, JUDGE