[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The question of whether a person who parks a car leaving the keys inside is liable for damage done by a thief who steals the car has been the subject of much legal controversy. See William H. Danne, Jr., Annotation, Liability of Motorist who left Key inIgnition for Damage or Injury Caused by Stranger Operating theVehicle, 45 A.L.R.3d 787, 795 (1972). Connecticut has not adopted a doctrinaire answer to this question. The question of negligence is instead left to the trier of fact to determine on the evidence. The trier must "determine whether leaving the key in the [car], under the facts and circumstances of [the] case, constituted negligence." Smith v. Leuthner, 156 Conn. 422, 426,242 A.2d 728 (1968). The present case, which involves such a situation, has been tried to the court. It is, consequently, for the court to determine on the basis of all the evidence whether or not the car owner in this case was negligent. For the reasons set forth below, the court determines that she was not.
Most of the facts in this case have been stipulated, although some brief testimony has been submitted to the court as well. On CT Page 13364 July 3, 1994, Josephine De Renzo ("Josephine") resided at 37 Chester Street in New Haven. Although, unhappily, crime is not unknown to Connecticut's cities, there is no credible evidence of any significant crime on Chester Street prior to the incident in question. On the morning of July 3, Josephine parked her automobile, a 1988 Oldsmobile Ciera, in her driveway underneath her kitchen window. The kitchen window is the window furthest from the street on the side of the house that abuts the driveway. According to the stipulation, Josephine "left her car unlocked and she left the keys in the car." There is no evidence as to whether the keys were in the ignition, in a visible place other than the ignition (such as on a car seat), or in a place not readily visible (such as in a glove compartment). She left the keys in the car because she planned to use the car later that day.
Josephine last saw the car in her driveway at noon. At some point in the early afternoon her 25-year-old grandson, Jonathan De Renzo, arrived at her house. He took the car within half an hour of his arrival. At 3:25 P.M. on the same day his car collided with a car owned by the plaintiff, Rosemarie Shanks ("Shanks") on Forbes Avenue in New Haven. According to the stipulation, "The accident was caused by the driver of [Josephine's] car, Jonathan." There is no evidence as to whether the accident was caused by negligence on Jonathan's part. Shanks' car was damaged as a result of the collision.
On August 17, 1994, Shanks commenced this action against Josephine and Jonathan by service of process. Her amended complaint is in two counts. The first count is against Josephine and alleges that she was negligent in leaving her car unlocked with the keys inside. The second count is against Jonathan and alleges that the collision was caused by his negligence. The second count has been dismissed by the court because of inadequate service of process. Only the first count is now before the court. The case was tried to the court on November 18, 1998.
As our Supreme Court explained in Smith v. Leuthner, supra. "[t]he ultimate test of the existence of a duty to use care, the nonperformance of which constitutes negligence, is to be found in the reasonable forseeability of harm resulting from a failure to exercise that care." 156 Conn. at 425. The test as applied to the case now at hand is" "Would the ordinarily prudent person in the position of the defendant, knowing what [she] knew or should have known, anticipate that harm of the general nature of that CT Page 13365 suffered was likely to result from [her leaving the car unlocked with the key inside]?" Id. It is clear from Smith v. Leuthner
that "the mere leaving of the key in the ignition, without something more, would not constitute negligence." Barnett v.Rosenthal, 40 Conn. Sup. 149, 150, 483 A.2d 1111 (1984).
Berdon, J. explains in the case just cited that "The something more could be leaving the motor running in an unattended automobile which enables a child to operate it . . . or it could be leaving the car on the city street after dark with the key in the ignition." Id. Some other special or unusual circumstances resulting in liability recognized by the courts have recently been itemized by the Supreme Court of Utah: "(1) significant criminal activity in the area in which the vehicle was left.., (2) prior theft of the defendant's vehicles . . . (3) irresponsible or reckless nature of people frequenting the area . . . (4) lack of surveillance of the vehicle . . . (5) vehicle left for extended period of time . . . and (6) type and size of vehicle uniquely attractive or capable of inflicting serious damages." Cruz v. Middlekauff Lincoln-Mercury, Inc.,909 P.2d 1252, 1254-55 (Utah 1996). This, of course, is a representative rather than exclusive list. It is, however, indicative of the types of special circumstances upon which courts have traditionally relied in imposing liability.
No such special or unusual circumstance is established on the evidence in this case. Josephine's car was stolen from her driveway in broad daylight, after having been parked there that morning. While there is, unhappily, crime in New Haven, there is no evidence of previous crime on the street in question. In any event, this is not a case of a car stolen by an ordinary thief. The car was stolen by Josephine's grandson. Jonathan was an adult at the time and there is no evidence that he had stolen from her before or acted irresponsibly in any way. Suppose that, instead of leaving the keys in the car, Josephine had given the keys directly to her grandson and, after driving the car an hour or two, he had caused an accident. In the absence of evidence of negligent entrustment, how could Josephine be held liable for the resulting accident? Perhaps one might expect an ordinary thief to drive recklessly, but there is no evidence to establish that Jonathan could be expected to drive in anything other than a prudent fashion. In fact, as mentioned, there is no evidence that he did drive in anything other than a prudent fashion. The court cannot find that Josephine's act of leaving the keys in her unlocked car, under the facts and circumstances of this case, CT Page 13366 constituted negligence.
Judgment shall enter for the defendant on the first count. As mentioned, the second count has previously been dismissed.
Jon C. Blue, Judge