[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTIONS FOR SUMMARY JUDGMENT #133 AND #135)
The defendants, Bridgeport Jai Alai, Inc., and Dalling Construction, Inc., have filed identical motions for summary judgment. The defendant Bridgeport Jai Alai's motion was filed on March 10, 2000. On March 21, 2000, the defendant Dalling filed its motion for summary judgment, concurring with the position of the Bridgeport Jai Alai, Inc. and incorporating Bridgeport Jai Alai's Memorandum of Law, adopting it as its own Memorandum of Law.
The matter before the court is a personal injury action, wherein the plaintiff alleges that he sustained personal injuries when he was caused to slip and fall in the parking lot of the defendant, Bridgeport Jai Alai, on an accumulation of ice. The plaintiff claims that the defendant, Bridgeport Jai Alai, was negligent in that it failed to keep the parking lot clear of ice, and that said parking lot was not adequately illuminated, thereby creating a dangerous condition for the patrons of the Bridgeport Jai Alai, Inc., who were attending a performance of jai alai matches on the evening in question.
The plaintiff's Second Count of his complaint alleges that the defendant, Dalling Construction, Inc., was responsible for the snow and ice removal from the defendant Bridgeport Jai Alai's parking lot. The plaintiff further alleges that Dalling Construction had a duty to maintain the premises in a "reasonably safe condition for patrons of the Bridgeport Jai Alai, who were business invitees, and that Dalling Construction was negligent in failing to do so."
The defendants, in their concurring and identical Memoranda of Law, argue that sleet, snow and/or ice in the form of precipitation was ongoing on the subject evening until shortly before the plaintiff's arrival at the Bridgeport Jai Alai, and that the defendants are entitled to a reasonable time thereafter to remove any alleged accumulation of ice, sleet and/or snow.
The defendants also argue that, as the plaintiff's fall allegedly took place. during the middle of the evening's performance, it was reasonable for the defendants to presume that few people would be entering or exiting the jai alai facility at the time the plaintiff allegedly fell.
Lastly, the defendants argue that the plaintiff's deposition testimony, wherein the plaintiff testified that he "assumed" he fell on ice in the parking lot is insufficient to satisfy his burden of proof as to the specific defect and the defendants' notice of said defect. The plaintiff further testified that the area was dark with a shiny, glare on the surface of the parking lot. The plaintiff also stated "I'm assuming the parking lot was blacktop underneath the ice or snow or whatever, CT Page 8683 because it was a wintery day. I'm not sure. I didn't take a flashlight and look. I can't answer that."
The plaintiff, in opposing the defendants' motions for summary judgment, argues that it has not, at the time, been determined when the snow, sleet and/or ice storm ended on the subject evening, and that this matter should be left for the jury to determine.
The plaintiff further argues that the poor illumination in the defendant Bridgeport Jai Alai's parking lot was a contributing factor of negligence to be determined at trial. Additionally, the plaintiff argues that it is immaterial as to whether few people would be expected to enter or leave the jai alai facility in the middle of an evening's performance. The defendants' obligation to keep the parking lot and ingress/egress areas safe for its patrons does not depend on how many patrons frequent a particular performance, whether they arrive late or leave the performance early, according to the plaintiff, and is of no consequence.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co.245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski 206 Conn. 495,500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Co.,supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp. 229 Conn. 99(1994).
The defendants assert that in order to recover in a negligence action alleging a fall due to a defective condition, a plaintiff must allege and prove that a defect existed, and that the defendants had actual or constructive notice of the defect causing the fall. The plaintiff must also prove that the defect alleged by the plaintiff was the cause of the plaintiff's fall and the resulting injuries and damages.
Monahan v. Montgomery, 153 Conn. 386, 390 (1966).
"Mere proof of the presence of some snow or ice, or both, does not necessarily show a breach of the defendant's duty." Dribble v. VillageCT Page 8684Improvement Co., 123 Conn. 20, 23, 192 A. 308 (1937). "On a question of notice, the trier's consideration must be confined to the defendant's knowledge and realization of the specific condition causing the injury, and such knowledge and realization cannot be found to exist from the general or overall conditions on the premises." Krause v. Almor Homes,Inc., 149 Conn. 614, 618, 183 A.2d 273 (1962).
Under Connecticut law, absent unusual circumstances, a person in control of property does not owe invitees upon the property a duty to exercise reasonable diligence in removing dangerous accumulation of snow and ice until the end of a snowstorm and a reasonable time thereafter.Kraus v. Newton, 211 Conn. 191, 197-198 (1989).
The plaintiff has pleaded that the defendants knew or should have known of the accumulation of ice in the parking lot and failed to apply sand, salt or other substances in said lot to make the lot safe for its patrons to walk from their cars to the jai alai facility, where the regularly scheduled jai alai matches were in progress. The plaintiff additionally argues that the ice, snow and/or sleet storm had ended some time prior to the plaintiff's arrival at the Bridgeport Jai Alai parking lot, and that both defendants failed to remedy the allegedly icy surface of said lot which, also, according to the plaintiff, was poorly illuminated.
The plaintiff has pleaded the alleged negligence of the defendants and now has the burden of proving these allegations at trial. Any inconsistencies that may be shown in the plaintiff's deposition testimony can be explored by the defendants' counsel at the time of trial.
The court feels that the plaintiff has pleaded sufficient allegations to lead the court to determine that there are indeed genuine issues of material fact to be determined at trial. The court must view the pleadings in a light most favorable to the plaintiff in ruling on these motions for summary judgment.
Accordingly, the identical motions for summary judgment filed by the Bridgeport Jai Alai, Inc., and Dalling Construction, Inc., are hereby denied.
The Court
Arnold, J. CT Page 8685