[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 8608
The defendant Daniel Carrasquillo ("Carrasquillo") has moved for summary judgment on the third count of the plaintiffs August 11, 1998 complaint. In support of his motion, Carrasquillo has provided his affidavit and excerpts from the depositions of the plaintiff Joseph Borelli ("Borelli"), defendant Tyson Watson ("Watson") and one Tyrell Gaskins ("Gaskins"). Borelli has not provided any opposing affidavits or other documentary evidence.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381,713 A.2d 820 (1998). The moving party has the burden of demonstrating the absence of a genuine issue of material fact, but the party opposing the motion must provide evidence to demonstrate the existence of such an issue. Appleton v. Board of Education, 254 Conn. 205, 209,757 A.2d 1059 (2000); Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554-55, 707 A.2d 15 (1998).
"In order to surmount a motion for summary judgment, a party must demonstrate that there exists a genuine issue of material fact. . . . Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . A material fact is one that will make a difference in the result of the case. . . . To establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. . . . Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact. . . . (Internal citations omitted)." New Milford Savings Bank v. Roina, 38 Conn. App. 240,244-45, 659 A.2d 1226 (1995).
The undisputed pertinent facts are as follows: At around 9:00 p.m. on November 16, 1997, Carrasquillo parked his car on Mansfield Street in New Haven, Connecticut near his home on Prospect Street, rolled up the windows, locked the doors and left, taking the vehicle's keys with him. In the early hours of November 17, 1997, Gaskins, with the knowledge of Borelli and Watson, stole Carrasquillo's vehicle by breaking the back CT Page 8609 window to gain access and then hot wiring the ignition to run it. Watson operated the vehicle and Borelli was a passenger. Subsequently, Borelli was injured when Watson, who was operating the vehicle at high rate of speed, lost control and crashed into a utility pole. Carrasquillo did not know Borelli, Watson or Gaskins nor did he give them permission to use his vehicle.
In the third count, Borelli has alleged that Carrasquillo was negligent in that "he allowed" Watson to operate his vehicle in a reckless and negligent manner. (Count 3, ¶ 10.) This is the sole claim of negligence made against Carrasquillo. The undisputed evidence establishes that Carrasquillo did not allow Watson to operate his vehicle, but rather that Watson knew he was operating a stolen vehicle and did not know that it was Carrasquillo's vehicle or seek his permission to operate it.
Borelli has argued, nonetheless, that summary judgment should be denied because the determination of Carrasquillo's duty under the circumstances is a question of fact and cites to cases such as Smith v. Leuthner,156 Conn. 422, 242 A.2d 728 (1968), Burns v. Gleason Plant Security, Inc.,10 Conn. App. 480, 482, 523 A.2d 940 (1987), and Alberone v. King,26 Conn. Sup. 98, 213 A.2d 534 (1965). These cases are distinguishable because the operative claim of negligence in each case was that the defendant had left keys in the ignition of an unlocked vehicle. Here, the undisputed facts are that Carrasquillo parked his car with its windows up and its doors locked, and he took the keys with him. There is no duty, as a matter of law, on these facts.
Moreover, in Smith v. Leuthner, supra, 156 Conn. 424, the court made it clear that "the mere act of leaving the key in the ignition switch in and of itself, does not constitute negligence as a matter of law and that there were" no facts from which the court was required to conclude that the defendant should reasonably have anticipated that leaving the key in the ignition switch would be likely to result in harm of the general nature of that which actually occurred, that is, the theft of the car and injury to person or property from the operation of the car by the thief.Id., 426. The court noted the lack of evidence of "past history of car thefts or any other criminal activity in the neighborhood or anything about the neighborhood which would be particularly conducive to the theft of an automobile." Id., 425. Borelli has neither alleged such facts nor brought forward any evidentiary facts to raise a disputed issue of fact regarding the existence of such circumstances. It is an undisputed fact that Carrasquillo simply parked his car for the night in his own neighborhood in New Haven and court can draw no inference of negligence from this fact.
There is no genuine issue of material fact in this case and CT Page 8610 Carrasquillo is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment is granted and judgment shall enter in favor of the defendant Daniel Carrasquillo on the third count of the complaint.
 _____________________ LINDA K. OAGER, JUDGE