Plaintiff brings this action to recover damages of the defendant for injuries caused to his car during the period it was stolen. The complaint is one in negligence. It *Page 452 
is conceded that the relationship between the plaintiff and the defendant when possession of the car was turned over by the former to the latter was that of bailor and bailee.
The material facts are these: The defendant operates a public parking lot on Crown Street in New Haven. At 8:45 on the evening of May 13, 1946, the plaintiff drove his car into the lot and turned it over to an attendant to be parked for him, paying the customary charge of twenty-five cents. The plaintiff left the lot to attend a theater. He knew that the key to the ignition would be left in the switch by the attendant. After the theater let out at 11:45, the plaintiff entered a restaurant adjoining the east side of the lot and had something to eat. Sometime after 12:30 the following morning the plaintiff re-entered the lot and found that his car was gone. At 12 o'clock midnight the attendant had shut off the lights in the lot, and he left the premises a few minutes later. The plaintiff's car and three or four other cars were on the lot when the attendant left. The plaintiff's car was stolen in the interval between the attendant's leaving the lot and the plaintiff's return after 12:30. It was later recovered by the police in a damaged condition. A claim check given the plaintiff by the attendant when the car was turned over, the stub of which was placed on the car, read "Open from 7 A. M. to 12 P. M."; and, in smaller printing, "All property, including car, at owner's risk of loss, injury, fire or theft." A posted sign was on the lot calling attention to the opening and closing hours of the lot. The plaintiff did not read the contents of the claim check and did not see the posted sign. None of the stipulations were called to his attention by the attendant. It was the attendant's custom, if he personally knew the operators of cars, to put the keys of such cars as remained on the lot in the sun vizors when he left the lot at midnight. The plaintiff was not personally known to the attendant.
The question is whether, on the facts stated, the defendant is liable to the plaintiff for injuries sustained by the car during the period it was stolen. Has the defendant as bailee breached a duty owing to the plaintiff as bailor? This is the crux of the case as tried and argued.
On April 15, 1948, this court held that a parking lot operator was obliged to respond in damages to a patron whose car was stolen from the lot sometime between 8 o'clock and a few minutes before 11 o'clock of an evening. Johnson v. Santora,15 Conn. Sup. 374. While the case cited contains a collection of *Page 453 
parking lot decisions of other jurisdictions, together with the recital of stock principles of law, it is distinguishable on its facts from the case at bar in essential particulars. That case was brought in negligence and contract and is concerned with the theft of a patron's car during the regular business hours. The theft took place while three attendants were on duty. Actually the defendant in the case at bar has no quarrel with its decision but contends that facts alter cases and the results obtained. With this proposition the court agrees.
It is determined that the defendant is not liable to the plaintiff and is not bound to respond in damages. To conclude otherwise would fasten a duty on the defendant as bailee "to redeliver the car at any and all hours of the night" to the plaintiff. The words quoted are from Fireman's Fund Indemnity Co. v. LongshoreBeach County Club, Inc., 127 Conn. 493, 499, a case not factually in point but one in which the quoted language is peculiarly adopted to the situation at bar.
That portion of the claim check which purports to exonerate the defendant of loss occasioned by injury, fire or theft did not constitute a contract between the parties. Maynard v. James,109 Conn. 365, 369. Whether the unread provision on the claim check and posted sign relating to the opening and closing hours of the lot constituted a contract need not be directly considered, since the complaint as drawn alleges liability in negligence and not in contract. But that apart, there is authority that the trier of facts would be justified in holding the plaintiff to the unread provision on the claim check relating to the hour of closing and in exonerating the parking lot operator of liability. See U Drive Tour v. System Auto Parks,28 Cal.App.2d 782, 786.
The basis of the conclusion reached herein that liability does not attach to the defendant is that the presumption of negligence on the defendant's part as bailee has been overcome by an explanation which has satisfied the court that the theft of the car was not due to any neglect in exercising reasonable care. SeeMurray v. Paramount Petroleum Products Co., 101 Conn. 238,242; O'Dea v. Amodeo, 118 Conn. 58, 63.
So far as appears the car was well guarded until midnight. The parking lot was not held out as an all-night parking stand. Reason dictates that a limitation should be placed on the otherwise stringent liability of a parking lot operator. It cannot be *Page 454 
found that if the attendant had placed the key in the sun vizor of the car before leaving the lot the theft of the car would thereby have been avoided. Actually the plaintiff seeks to fasten liability on the defendant as an insurer of the car's safety in any and all events. This kind of liability does not attach to this kind of case.
 Judgment for the defendant to recover costs.