CARMEN ALBERONE ET AL. *v.* HARRY L. KING ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 29494
AT WATERBURY

Memorandum filed March 25, 1965

*Archie L. Mendillo,* of Waterbury, for the plaintiffs.

*Upson, Secor, Greene & Cassidy,* of Waterbury, for the named defendant.

MEYERS, J. For the purposes of the demurrer to the complaint in this personal injury action, it is admitted in substance that the plaintiff pedestrian, a minor, was crossing Central Avenue in Waterbury

on December 27, 1963, and then was struck and injured by a motor vehicle owned by the demurrant, the defendant King. Prior thereto, this automobile had been taken wrongfully and was being operated by the codefendant Mazon without the permission of the owner. It is further acknowledged that before this unauthorized use, King had left his motor vehicle unattended on a public highway with the key therefor in its ignition lock. It is alleged in the complaint that in so doing he failed to exercise the care required of him under the circumstances because he knew or should have known that "a distinct possibility existed that a thief might steal said car and cause damage to innocent persons."

In effect, this demurrant challenges the sufficiency of the complaint to establish liability against him on the ground, first, that there can be no duty owed by him to the minor plaintiff under the circumstances as they are conceded. As a second ground of the demurrer, the claim is advanced that the intervening act of the defendant Mazon, that of taking and operating the King vehicle without permission, supersedes King's negligence, if there was any, and in respect thereto precludes a finding of proximate cause. With these reasons this court is not in accord.

Briefly stated, it would appear that whether or not it constitutes negligence for one to leave his automobile on a public highway, unattended, and with its ignition key readily available would depend in some measure on a number of surrounding circumstances, including, but not limited to, the vehicle's position, access thereto, the operational condition of the vehicle, its proximity to surveillance, the time of day or night the automobile was taken, and the length of time which elapsed from this taking to the occurrence involving the injuries complained

of. It may be seen, therefore, that this question of negligence in so leaving a motor vehicle is subject to a determination by the trier of the facts. In a factual situation somewhat akin to that which presents itself in the instant cause, our Supreme Court has declared it to be proper to give consideration to the leaving of a motor vehicle unlocked and with keys in its ignition system, in a place where a thief would look for it. It was held that a matter of law is not involved in such consideration. *Anderson* v. *Gengras Motors, Inc.,* 141 Conn. 688, 691.

If such original negligence as is claimed actually is to be found, there remains the further problem whether or not the chain of causation arising from the admitted acts of the demurrant was broken. That is, does the taking and operation by the defendant Mazon, both without permission of the owner, the defendant King, constitute in law such an intervening act or series of acts so as effectively to separate or isolate the demurrant's negligence from responsibility for the consequences with which this action is concerned, the injuries and damage to the minor plaintiff? It may not. It has been stated: "Even criminal conduct by others is often reasonably to be anticipated." 2 Harper & James, Torts, p. 1145. Adversely determined to the claims of the demurrant here, and as counsel have stated, there is found but one reported case in our state involving parallel facts. *Mellish* v. *Cooney,* 23 Conn. Sup. 350, 1 Conn. Cir. Ct. 234. Parenthetically, it is observed that there the decision came subsequent to the trial of the issues.

It is acknowledged, as it is claimed by counsel for the demurrant, that in a majority of cases in other jurisdictions it has been held that such unauthorized use of a motor vehicle by a third party precludes a finding that injuries resulting therefrom to another were proximately caused by the so-called

original negligence of the owner in leaving his vehicle unattended and readily available to an intermeddler, thief or one unable to resist temptation. However, of equal importance is that where such questions have arisen through a demurrer or other challenge to the legal sufficiency, courts, in most instances, have avoided summary disposition and have adopted the position that determinations should be made on the particular facts in each case by the trier of those facts. *Ney* v. *Yellow Cab Co.,* 2 Ill. 2d 74; *Garbo* v. *Walker,* 57 Ohio Op. 363; 8 Am. Jur. 2d, Automobiles and Highway Traffic, § 835; see notes, 51 A.L.R.2d 633, 649, 91 A.L.R.2d 1326.

In some other jurisdictions statute law prohibits the leaving of a motor vehicle unattended and with its ignition unlocked. It does not mean that so to leave a vehicle, in those states, automatically imposes liability on an owner for damages or injuries which may follow. *Liberto* v. *Holfeldt,* 221 Md. 62. Even in such a situation, surrounding facts must be considered.

Of greater importance here is an examination of the reasons for the taking of what must be accepted as normal precautions, such as the locking of an automobile which is to remain unattended and the foreseeable harm if this is not done. So guarding against harm is dictated by, inter alia, the preference which exists in a reasonable-minded person to deter unauthorized use, loss or damage to his person or property or that of another which could occur during the enjoyment by the culprit of his ill-gotten gain through his machinations and activities, including careless or reckless abandon in attempting to escape apprehension. It has been said: "[W]hen it is found that a man ought to have foreseen in a general way consequences of a certain

kind, it will not avail him to say that he could not foresee the precise course or the full extent of the consequences, being of that kind, which in fact have happened." Pollock, "Liability for Consequences," 38 L.Q. Rev. 165, 167; Restatement, 2 Torts § 435.

It is concluded that the demurrant has failed to establish that as a matter of law his negligence cannot be the proximate cause of the injuries to the minor plaintiff. It is not unforeseeable that harm may occur of the nature claimed, resulting from the leaving of the demurrant's vehicle as recited.

For the reasons offered by the plaintiffs and for those herein set out, the demurrer is overruled.