CHARLES A. SUGLIA ET AL. *v.* NATIONAL CREDIT SYSTEM, INC., ET AL.

CIRCUIT COURT                    SECOND CIRCUIT
FILE No. CV 2-6412-33082

Memorandum filed December 23, 1966

*Donal C. Collimore,* of Fairfield, for the plaintiffs.

*Joel E. Kanter,* of Bridgeport, for the named defendant.

*Raymond B. Rubens,* of Bridgeport, for defendant Frank Bryant's Auto Repair, Inc.

WISE, J. In this action, the plaintiffs seek to recover for damage to their house caused by an unknown operator of a motor vehicle which was

stolen from the possession of defendant Frank Bryant's Auto Repair, Inc. The complaint is one in negligence.

Prior to and on September 29, 1964, the defendant Frank Bryant's Auto Repair, Inc., hereinafter called Bryant's, was in the automobile repair business and in connection therewith operated a garage on Colonial Avenue in Bridgeport, Connecticut. On this street there were two residences, two garages and another business. Approximately two or three weeks prior to September 29, 1964, an automobile which had been in an accident and had been damaged was brought to Bryant's for the purpose of estimating certain repairs. It appeared from the evidence that the defendant National Credit System, Inc., having an equity interest in the automobile, had repossessed it after the accident and had brought it to a garage, known as Family Garage, which was also on Colonial Avenue. It was the Family Garage which towed the automobile to Bryant's. Although the complaint alleged agency as it concerned the alleged liability of the defendants, proof was lacking to substantiate this claim. For the purpose of the determination of this case on the merits, however, the court will assume, without deciding, that both defendants are proper parties.

When the automobile was brought to Bryant's, the steering apparatus was so severely damaged that the car could only be manually steered one way, to the left, making it practically inoperative. During the time the automobile was in Bryant's possession, it was kept inside the garage except for three occasions when it was either pushed or driven outside and left at the garage door, never on the street. On September 29, 1964, the automobile was at the garage door, having been pushed out that morning. The ignition keys were placed and kept under the right floor mat. Sometime in

the afternoon of that day, the automobile was stolen by an unknown person and was later found against the plaintiffs' house. Damage to the house had been caused, and more damage to the automobile. Plaintiffs' house was located five blocks from Bryant's garage, and to reach it from the garage required only one turn. The theft of the automobile was discovered by Frank Bryant approximately at 8 p.m. when he was going to return the car to the inside of the garage. He notified the police immediately. To Bryant's knowledge, there had never been any thefts of automobiles or of automobile parts in the neighborhood, and Bryant had not seen any suspicious persons in the vicinity or at the garage that day. He had no reason to believe that the automobile would be stolen, because of its condition.

The question is whether, on the facts stated, the defendants are liable to the plaintiffs for the damage to their house. Put in other words, do the facts satisfy the requirements of the negligence rule concerning foreseeability of harm so as to impose liability on the defendants?

No case involving substantially identical facts has been submitted to the court. In *Mellish* v. *Cooney,* 23 Conn. Sup. 350, the owner, having left his automobile unattended on a public highway after dark with the motor running, was held liable to an injured plaintiff when it was stolen. In *Alberone* v. *King,* 26 Conn. Sup. 98, the court overruled a demurrer to a complaint which alleged that the defendant was negligent in leaving his automobile unattended on a public highway with the ignition key in the lock. There have been cases involving the liability of a parking lot operator to a patron whose automobile had been stolen during the period it was on the lot. The situation in these cases was one of bailment. *Malone* v. *Santora,* 135 Conn. 286; *Zappone* v. *Kirk,* 15 Conn. Sup. 451.

The plaintiffs' complaint is based on common-law negligence. Whether there was a duty owed the plaintiffs, as alleged in the complaint, depends on the surrounding facts and is subject to a determination by the trier. A matter of law is not involved. "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" *Orlo* v. *Connecticut Co.,* 128 Conn. 231, 237; *Borsoi* v. *Sparico,* 141 Conn. 366, 369; *Steinhaus* v. *Steinhaus,* 145 Conn. 95; *Noebel* v. *Housing Authority,* 146 Conn. 197, 200; see *Kinderavich* v. *Palmer,* 127 Conn. 85, 89.

In all the cases involving the question whether it was negligence to leave an automobile in a parking lot with the keys in the ignition or on a public highway unattended with the keys in the ignition, it was for the trier to make the determination on the particular facts. *Anderson* v. *Gengras Motors, Inc.,* 141 Conn. 688, 691; *Alberone* v. *King,* supra; *Mellish* v. *Cooney,* supra. Since what constitutes negligence in the foreseeability that harm may result from negligence, in cases involving stolen motor vehicles, depends upon the particular facts and circumstances, it becomes important to ascertain the factual situation in each case. There may well be situations where it could be found as a matter of fact that harm was not·a reasonably foreseeable result of the negligence claimed. It is equally true that in other situations it would be well within the realm of reasonable foreseeability that

harm would be likely to result from the negligence claimed. It is understandable that an automobile left in a parking lot, unlocked and with the keys in the ignition, or an unlocked and unattended automobile left on the highway with the keys in the ignition, might well fall into the possession and control of a teen-ager or an adult. It is not difficult to visualize and to foresee the possibility that a thief might steal the automobile. This was the rationale in *Mellish* v. *Cooney,* supra. To the extent of the factual situation, that case is distinguishable from the instant case.

Here, the facts do not warrant a conclusion that the defendants did not exercise reasonable prudence under all the circumstances. The automobile was not parked on the highway; the keys were not in the ignition; the steering apparatus was damaged to the extent that it was difficult, if not impossible, to steer, making the automobile almost inoperative; the automobile was parked alongside the garage door on the premises; and there was no reason to believe that there was danger of theft. It was not reasonably foreseeable, at the time the automobile was taken out of the garage and parked alongside the garage door, that there would be created a situation where the car would be stolen. To hold otherwise on the facts and surrounding circumstances would impose on the defendants an absolute liability and would place too great a degree of care and burden on them. They cannot and should not under the circumstances be put in the position of an insurer.

The court is of the opinion that the facts and the evidence are insufficient to warrant a judgment for the plaintiffs. Accordingly, the issues are found in favor of the defendants.

Judgment may enter for the defendants.