## SUSAN BARNETT *v.* STEVEN ROSENTHAL

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 210579
NEW HAVEN

Memorandum filed September 14, 1984

*Colleran & Carboni,* for the defendant.
*Del Sole & Del Sole,* for the plaintiff.

BERDON, J. Before the court is the defendant Steven Rosenthal's motion to strike the complaint brought by the plaintiff Susan Barnett to recover damages for very serious injuries she sustained as a result of being struck by an automobile operated by one Jonathan Banquer. In addition to the allegations that Banquer was negligent, the plaintiff also alleges the following: "On October 14, 1980, said defendant, Steven Rosenthal, allegedly sold said motor vehicle to Jonathan Banquer, but he left the license plate bearing said number Y037998 with and in the possession of said Jonathan Banquer. The injuries sustained by the plaintiff were caused by the negligence of the defendant in that he allowed said license plate to remain in the possession of said Jonathan Banquer when he knew or should have known that said Jonathan Banquer would utilize same in the operation of said motor vehicle and cause the injuries alleged herein. Said defendant was also negligent in that he failed to return the registration num-

ber plates to the motor vehicle commissioner as required by Section 14-16 of the Connecticut General Statutes."

The motion to strike is designed to test the legal sufficiency of a complaint. In doing so, the court "must take the facts to be those alleged in the plaintiff's complaint as amended, and must construe the complaint in the manner most favorable to the pleader." *Sheets* v. *Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 472, 427 A.2d 385 (1980).

Under Connecticut law, the leaving of a key in the ignition switch of an automobile which enables an intermeddler to misappropriate the automobile and subsequently cause an injury could constitute negligence. *Block* v. *Pascucci,* 111 Conn. 58, 149 A. 210 (1930); but see Prosser, Torts (4th Ed.) § 44, pp. 283–85. Surely, then, the leaving of a license plate belonging to the defendant in or on the car which facilitates the use of the automobile on the highway by another who causes injury could also constitute negligence on the part of the defendant. It becomes, under Connecticut common law, a question of fact reserved for the jury.

Nevertheless, it is also clear that merely leaving the license plate on or in the automobile would be insufficient, as a matter of law, to constitute negligence just as the mere leaving of the key in the ignition, without something more, would not constitute negligence. See *Smith* v. *Leuthner,* 156 Conn. 422, 424, 242 A.2d 728 (1968). So, for example, in the case of the ignition key, the something more could be leaving the motor running in an unattended automobile which enables a child to operate it; *Block* v. *Pascucci,* supra; or it could be leaving the car on the city street after dark with the key in the ignition. *Mellish* v. *Cooney,* 23 Conn. Sup. 350, 183 A.2d 753 (1962). The something more for the license plate case is not alleged, but the complaint is

broad enough to include such circumstances. The motion to strike is tested by the facts which can be proved under the allegations. *Tango* v. *New Haven,* 173 Conn. 203, 205, 377 A.2d 284 (1977).

The next issue is whether the negligent leaving of a license plate in an automobile which facilitates its use can, as a matter of law, be a proximate cause of the plaintiff's injuries. "The issue of proximate causation is ordinarily a question of fact for the trier. *Tetro* v. *Stratford,* 189 Conn. 601, 605, 458 A.2d 5 (1983). 'Conclusions of proximate cause are to be drawn by the jury and not by the court.' *Fox* v. *Mason,* 189 Conn. 484, 489, 456 A.2d 1196 (1983). ' "It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier as a matter of fact." *Marley* v. *New England Transportation Co.,* 133 Conn. 586, 591, 53 A.2d 296 [1947] . . . .' *Busko* v. *DeFilippo,* [162 Conn. 462, 466, 294 A.2d 510 (1972)]." *Trzcinski* v. *Richey,* 190 Conn. 285, 295, 460 A.2d 1269 (1983). It is clear that the issue of proximate cause cannot be decided as a matter of law. See *Alberone* v. *King,* 26 Conn. Sup. 98, 102, 213 A.2d 534 (1965).

Accordingly, the motion to strike is denied.