[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Raymond E. Danielson, David Danielson and Susan Francese (plaintiffs) filed a Revised Complaint dated July 1, 1992 in four counts. Eisenberg, Anderson Michalik and Lynch (defendants) have alleged seven special defenses as to each count in the revised complaint. The plaintiffs move herein to strike the special defenses a, b, c, e, f and g as to each count of the Revised Complaint. (No special defense c claimed as to count one).
The function of a motion to strike is to test or challenge the legal sufficiency of a pleading, and admits all facts well pleaded. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530 n. 2 (1983). In passing upon the motion, a court will assume the truth of the pleading under attack, Id., and will construe the complaint in the manner most favorable to the pleader. Blancato v. Feldspar Corp., 203 Conn. 34,36 (1987). All well pleaded facts are construed most favorably to the non-moving party and are deemed admitted for purposes of the motion to strike. Amodio v. Cunningham,182 Conn. 80, 82. If those acts support the cause of action or defense, the motion must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545. Ultimately, however, the motion will be tested by the facts which can be CT Page 1638 proved under the allegations of the pleading to which the motion is addressed. Barnett v. Rosenthal, 40 Conn. Sup. 149, 151
(1989).
The court here will assume the truth of the pleading under attack and will construe all well pleaded facts most favorable to the non-moving party and said facts are deemed admitted for purposes of the motion to strike.
P.B. 164 provides "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of facts are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specifically alleged."
This court finds that the facts proffered in the special defenses a, b, e, f and g are consistent with the plaintiffs' statements but show, notwithstanding, that the plaintiffs have no cause of action. Accordingly, the motion to strike special defenses a, b, e, f and g as to each count is denied.
Lack of privity, as proffered by special defense c, is not a bar to a cause of action under the facts of this case. Accordingly, the motion to strike special defense c as to counts 2, 3 and 4 of the revised complaint is granted.
Miano, J.