[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court has before it two declaratory actions which were consolidated and heard together.
The first action involves the plaintiff, Connecticut Indemnity Company of Nashville, Tennessee, an insurance company which has brought its action for declaratory judgment against Rafael Martinez, Jr. of New Haven, Connecticut, Rafael Martinez, Sr. of Rahway, New Jersey, Affiliated Transport Services, Inc. of Elizabeth, New Jersey, Maureen Stacy and Eugene Stacy both of Stratford, Connecticut. In this action, the plaintiff, Connecticut Indemnity Company, seeks a declaratory judgment that it is not legally or contractually obligated to indemnify and/or defend the defendants Rafael, Jr. and Rafael, Sr. under its policy issued to said defendants, as the result of injuries sustained by the defendants Maureen and Eugene Stacy, Jr., P.P.A. because of a collision between a vehicle owned by Rafael, Sr. CT Page 7526 being operated by Rafael, Jr. and a vehicle operated by Eugene Stacy, Sr. in which Maureen and Eugene Stacy, Jr. were riding as passengers.
The second action involves the plaintiff, American Economy Insurance Company, against two insurance companies, New Hampshire Insurance Company and Connecticut Indemnity Company, the plaintiff in the first action, and, additional defendants, Maureen and Eugene Stacy, Jr., Affiliated Transport Services, Inc. and Rafael Martinez, Jr. and Rafael Martinez, Sr. The plaintiff in the second action, American Economy Insurance Company, is being sued for uninsured motorist benefits by the Stacys, and in this declaratory judgment action is seeking a declaration that (1) the defendant New Hampshire is legally obligated to defend and indemnify Martinez, Jr. and Sr. under its liability policy with Martinez, Sr. as the result of the aforesaid collision with the Stacy vehicle, (2) that the plaintiff American Economy Insurance Company is not legally or contractually obligated to indemnify or provide uninsured motorist benefits to the Stacys under its policy issued to Stacy, Sr., as the result of said collision.
The facts leading to these two declaratory actions are not seriously in dispute.
On August 11, 1991, there was a collision between the Martinez and Stacy vehicles in the parking lot of the Connecticut Post Shopping Center in Milford, Connecticut. At the time, the Martinez vehicle, a tractor-trailer, was owned by Martinez, Sr. and being operated by Martinez, Jr., sixteen years of age and without an operator's license. All the evidence points, not only to the fact that the boy had no permission to operate the vehicle, but, had also expressly been told not to do so. As a result of this collision, the Stacys commenced an action against both father and son Martinez and a third defendant, Affiliated Transport Services. Allegations against Martinez, Sr. were based on agency, family car doctrine and negligent entrustment of the tractor-trailer to his son. The allegation against Affiliated Transport claimed that this defendant had hired Martinez, Sr. to deliver a load of goods on its behalf and, therefore, Martinez, Jr. was acting as the agent and/or servant of Affiliated Transport.
At the time of the aforementioned collision, Martinez, Sr. was an insured under a liability policy with the Connecticut CT Page 7527 Indemnity Insurance Company, which provided among other things, that the company would provide coverage to the named insured and anyone driving with his permission.
At the same time, Affiliated Transport, who had contracted with Martinez, Sr. to haul a trailer, was insured with New Hampshire Insurance Company under a truckers policy, which excluded coverage for anyone driving without permission.
Both Connecticut Indemnity and New Hampshire denied coverage after the Stacy's instituted its action for personal injuries against both Martinez, Sr. and Martinez, Jr. and Affiliated Transport, based on non-permissive use, although prior to such denial, New Hampshire did pay the property damage to the Stacy car to American Economy as subrogee of Stacy's property damage claim. At the time of such payment, investigators representing New Hampshire were unaware that Rafael Martinez, Jr. was the operator of the tractor-trailer. The police report of the accident simply listed the name of Rafael Martinez as the operator-owner without designating Jr. or Sr. Attempts to locate and talk to Rafael Martinez were unsuccessful and a call to Affiliated Transport simply elicited the information that Rafael Martinez no longer was employed by Affiliated. It was some year and one-half later that a subsequent investigator, in talking to a representative of Affiliated Transport, discovered that there were two Rafael Martinezs, and, that, Martinez, Jr. was the operator at the time of the collision of August 11, 1991. The disclaimer of coverage followed.
Because of the disclaimer of coverage, the Stacys have filed a claim for uninsured motorist benefits under their insurance policy with American Economy Insurance company.
 I
Turning now to the present declaratory judgment action, American Economy Insurance Company seeks such relief on the basis that:
 1. Either New Hampshire or Connecticut Indemnity was obligated to provide coverage because the negligence of an insured was a substantial factor in causing the collision of August 11, 1991.
2. New Hampshire has waived its right to deny CT Page 7528 coverage because of its payment of the property damage claim.
With respect to the first claim, negligence on the part of Rafael Martinez, Sr., American Economy relies on the fact that Martinez, Sr. had entrusted the keys to the tractor-trailer with three boys who did not possess tractor-trailers licenses. In fact, Martinez, Jr. did not have any kind of operator's license and it is conceded that no one had permission to drive the truck, and, in fact, were expressly told not to drive the truck. The keys were entrusted so that the boys could listen to the radio after washing the truck.
In support of its contention under the claim of negligence, American Economy cites the cases of Mellish v. Cooney, 23 Conn. Sup. 350
and Alberone v. King, 26 Conn. Sup. 98.
The court is unable to equate the holdings of the Mellish andAlberone cases with the cases before it. In both the Mellish andAlberone case, the owner of the car head left it on a public street, unattended, at night, with the keys in the ignition, causing it to be an easy target for a thief. These facts do not fit the instant cases. The tractor-trailer was not left unattended. The keys were left with one, Miguel Tirado, a cousin, for the purpose of cleaning the truck, and listening to the radio, if desired. The boys were expressly told not to drive the truck. Counsel for American Economy argues that even though none of the boys had permission to drive the truck and were actually told not to, it is objectively and subjectively foreseeable that one of them would drive the truck. Counsel argues further that the fact that Martinez, Sr. told them not to drive the truck indicates that he knew it was a possibility. This, of course, is speculative. This court must deal with reasonable probabilities. The court cannot find that it was reasonably probable under all the circumstances that Martinez, Sr. should have foreseen that Martinez, Jr., without a license, without having ever driven the truck and having been told not to drive it, would disobey.
Turning now to the second claim in American Economy's action, it is asserted that New Hampshire waived its right to deny coverage because it had paid Stacy's property damage claim to Stacy's subrogee, American Economy.
Waiver is defined as "The intentional relinquishment of a known right, claim, or privilege" Ballentines Law Dictionary.
CT Page 7529
"It must generally be shown by the party claiming a waiver that the person against whom the waiver is asserted had at the time, knowledge, actual or constructive, of the existence of his rights, or of all the material facts upon which they depended. . . . Ignorance of a material fact negates waiver and waiver cannot be established by a consent given under a mistake or misapprehension of fact. . . . Waiver is mainly, or essentially, a matter of intention. . . . Mere negligence, oversight, or thoughtlessness does not create a waiver." 28 Am Jur 2nd, Section 158.
American Economy's principal contention in support of waiver is that New Hampshire failed to reasonably investigate the matter, when first notified of the claim, when such investigation would have disclosed Martinez, Jr. as the driver of the tractor-trailer. In support, the cases of National Casualty Insurance Co. v. Stella,26 Conn. App. 462, 464 and Swint v. Protective Life Insurance Company,779 F. Sup. 532 are cited. The facts of these cases do not support this contention.
The Stella case, supra, involved an injury to one who was injured while loading equipment onto Stella's trailer. At the time, Stella was excavating on the injured party's property, and that party instituted an action against Stella. At the time, Stella, who carried a manufacturers and contractors liability policy with National Casualty, under the terms of the policy, was covered only for claims arising out of its siding installation business. In notifying his insurance company of the claim, Stella advised that the claim arose during an excavation job and not while he was engaged in his siding business. Unlike our instant case, Stella's company knew from the beginning that it had the right to disclaim coverage.
The Swint case, supra, involved the proper interpretation of an insurance policy based on conflict between federal and state provisions. There is no question of interpretation in this case. All parties agree on the meaning and interpretation of the provision relating to "driving without permission."
The court can find no waiver of New Hampshire's right to disclaim.
II CT Page 7530
In its declaratory judgment action, the Connecticut Indemnity Company seeks a determination as to whether it is obligated to defend and indemnify to Rafael Martinez, Jr. in the Stacy litigation. Connecticut Indemnity's simple claim is that Rafael Martinez, Jr. was not an insured under its policy with Martinez, Sr. because he was not driving with permission. The issue of permissive driving has already been fully discussed and needs no further elaboration. This issue, will, however, be further discussed under a claim of collateral estoppel.
Connecticut Indemnity advances this argument in support of its contention that it is not obligated to provide coverage to Rafael Martinez, Jr. Under the doctrine of collateral estoppel, it advances the claim that neither the Martinez's, nor Affiliated Transport, nor, indeed American Economy may relitigate issues which have already been adjudicated.
This argument has reference to the underlying case of Stacy v. Martinez, Sr., Martinez, Jr. and Affiliated Transport in which defendants Martinez, Sr. and Affiliated Transport filed motions for summary judgment which were granted, thereby, it is claimed, disposing of the Stacy claims of agency, family-car doctrine and negligent entrustment.
American Economy, however, has advanced the argument that it was not a party to the underlying Stacy litigation and, therefore not bound by the summary judgment issued by Judge Levin in that case.
As held in Aetna Casualty Surety Co. v. Jones, 220 Conn. 285
at pg. 300, "Mutuality of parties is no longer required to invoke collateral estoppel," and "has now widely been abandoned."
"Collateral estoppel may be invoked against a party to a prior adverse proceeding or against those in privity with that party." Aetna, supra at pg. 303. As explained in Aetna v. Jones,
supra, the test "in determining the existence of privity is `the sharing of the same legal right by the parties allegedly in privity.'" In these cases, American Economy seeks to deny coverage to Stacy under its uninsured policy because it claims there was other insurance available (Connecticut Indemnity and/or New Hampshire). Specifically, the trial brief designates the issue as to whether either of those two companies must provide coverage for the accident because the negligence of an insured was a substantial factor in causing the collision. Any rights CT Page 7531 which might be asserted against either Connecticut Indemnity or New Hampshire by American Economy are identical to those of its contractee Stacy. Those rights have already been decided by Judge Levin's decision in the summary judgment motions and cannot now be relitigated.
To put it another way, in the present matter, American Economy is in privity with the uninsured defendants in the underlying Stacy case because it shares the same legal interest, namely whether the Stacys may legally recover damages against their defendants, which is the issue in their uninsured motorist case against American Economy. Mazziotti v. Allstate InsuranceCo., Judicial District of New Haven, 348371 (Gray, J.) January 22, 1996. Thus, the issue of permissive driving, in addition to the issues of agency, family-car and entrustment have already been litigated, and cannot be relitigated.
In the case of American Economy Insurance Company vs. New Hampshire Insurance Co., et al, to the issues framed by the plaintiff:
 1. Must either New Hampshire or Connecticut Indemnity provide coverage for the accident because the negligence of an insured was a substantial factor in causing the collision, the court's decision is "NO."
 2. Did any action, or inaction, by New Hampshire constitute a waiver so as to preclude them from denying coverage, the court's decision is "NO."
In the case of Connecticut Indemnity Company vs. Rafael Martinez, Jr., et al, to the issues as framed by the plaintiff:
 1. Is Rafael Martinez, Jr., an insured and entitled defense and indemnification under the Connecticut Indemnity policy as it relates to the Stacy litigation, the court's decision is "NO."
 2. As a matter of law, is Rafael Martinez, Jr., liable to Stacy under the undisputed facts of this claim, if counsel, actually means Rafael Martinez, Jr., the court's answer is that it is immaterial to any issue in these two declaratory actions. If counsel means Rafael Martinez, Sr., as the court suspects, the court's answer is "NO."
CT Page 7532
BELINKIE, JUDGE REFEREE