[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE (#103)
The plaintiffs, Nora Siegel and Progressive Northwestern Insurance Company, filed a four-count complaint on February 11, 1998, against the defendants, Matthew Howell[1] and Richard Hodgson. The plaintiffs allege that Matthew Howell negligently and/or recklessly caused the car he was operating to collide with the car driven by the plaintiff, Nora Siegel. The plaintiffs also allege that Richard Hodgson, the owner of the car driven by Howell, negligently and/or recklessly allowed his car to be driven by Howell. Specifically, the plaintiffs allege that Hodgson allowed his keys to remain with his vehicle, when he Knew or should have known that it was unsafe to do so, thereby permitting Howell access to the vehicle.
On April 3, 1998, the defendant Hodgson filed a motion to strike counts three and four of the complaint, on the grounds that the plaintiffs' allegations do not support a cause of action for negligence or recklessness. Additionally, the defendant moved to strike the plaintiffs' prayer for treble damages on the ground that § 14-294 was repealed in 1961.[2]
As required by Practice Book § 155, now Practice Book (1998 Rev.) § 10-42, the defendant has filed a memorandum of law in support of its motion to strike, and the plaintiffs have filed a memorandum of law in opposition.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . ." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). A party may file a motion to strike to contest "the legal sufficiency of the allegations of any complaint . . . or any one or more counts thereof." Practice Book § 152, now Practice Book (1998 Rev.) § 10-39 (a) (1).
The motion to strike may also be used to contest the legal sufficiency of any prayer for relief. See Kavarco v. T.J.E. Inc.,2 Conn. App. 294 n. 4, 478 A.2d 257 (1984); Practice Book § 152(2), now Practice Book (1998 Rev.) § 10-39 (a)(2). "Practice Book § 152, now Practice Book (1998 Rev.) §10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 
CT Page 1550244 Conn. 296, 325, 709 A.2d 1089 (1998).
With respect to the negligence count, the defendant argues that the plaintiffs fail to allege facts to support a negligence cause of action, and that the defendant neither owed a duty to the plaintiffs nor breached a duty. The defendant argues that he left his car at an autobody repair shop and was instructed to leave his keys in the vehicle. It is submitted that the court should disregard these assertions as the defendant is seeking to impart facts outside of the pleadings, which constitutes an improper "speaking" motion strike. The plaintiffs counter that, in Connecticut, the leaving of keys with an unlocked car may constitute negligence.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "The question of whether a person who parks a car leaving the keys inside is liable for damage done by a thief who steals the car has been the subject of much legal controversy. . . . Connecticut has not adopted a uniform answer to this question. The question of negligence is instead left to the trier of fact to determine on the evidence." (Citation omitted.) Shanks v. De Renzo, Superior Court, judicial district of New Haven, Docket No. 364625 (November 23, 1998, Blue, J.) (entering post-trial judgment for defendant on negligence count where evidence disclosed defendant's car was stolen by her grandson).
In Connecticut, "the leaving of a key in the ignition switch of an automobile which enables an intermeddler to misappropriate the automobile and subsequently cause an injury could constitute negligence. . . . It becomes, under Connecticut common law, a question of fact reserved for the jury. . . . Nevertheless . . . the mere leaving of the key in the ignition, without something more, would not constitute negligence." (Citations omitted; emphasis supplied.) Barnett v. Rosenthal, 40 Conn. Sup. 149, 150,483 A.2d 1111 (1984). "However, of equal importance is that where such questions [of fact] have arisen through a [motion to strike] or other challenge to the legal sufficiency, courts, in most instances, have avoided summary disposition and have adopted the position that determinations should be made on the particular facts in each case by the trier of those facts." Alberone v.King, 26 Conn. Sup. 98, 101, 213 A.2d 534 (1965); see also Smithv. Leuthner, 156 Conn. 422, 242 A.2d 728 (1968) (allowing trier CT Page 1551 of fact to decide whether defendant's leaving key in ignition constitutes negligence). In Castro v. K-Mart Corp., Superior Court, judicial district of Waterbury, Docket No. 097007 (Jan. 12, 1995, Flynn, J.) (1995 WL 23477), the court held that an auto repair shop owes a duty to an injured plaintiff when the repair shop knew its employees often took keys to the cars. The court inCastro v. K-Mart Corp. emphasized that "Connecticut recognizes an owner's duty to plaintiffs, injured by the negligent operation of a stolen vehicle, to use reasonable care to protect against the unauthorized use and operation of the motor vehicle." Castro v.K-Mart Corp., supra, Superior Court, Docket No. 097007.
In Barnett v. Rosenthal, supra, the court ruled on a motion to strike a complaint which alleged the defendant was negligent in leaving his license plates on an automobile which had been sold to a third party. The plaintiff in Barnett was subsequently injured by the negligent driving of the vehicle by the third party, and she claimed that the defendant's negligence in leaving the license plates on the vehicle facilitated the use of the vehicle by the third party. The court emphasized that, "merely leaving the license plate on or in the automobile would be insufficient, as a matter of law, to constitute negligence, . . .without something more. . . ." (Citation omitted; emphasis supplied.) Id., 150. In a case involving a key left in the ignition, the court observed, "the something more could be leaving the motor running in an unattended automobile which enables a child to operate it . . . or it could be leaving the car on the city street after dark with the key in the ignition. . . ." (Citations omitted.) Id., 150. Denying the defendant's motion to strike, the court noted that "the something more" need not be actually alleged, so long as "the complaint is broad enough to include such circumstances." Id., 150-51.
If the plaintiffs have alleged facts that support the existence of a duty of care, and a breach thereof, the defendant's motion to strike must be denied. Concerning the duty of care, and the corresponding breach of that duty, the plaintiffs allege that the defendant owns the vehicle which was operated by Howell when the incident occurred, and that Howell was operating the defendant's vehicle as "an agent, servant and/or employee or otherwise as a person authorized to use said vehicle." The plaintiffs further allege that the defendant "allowed his keys to remain with the vehicle such that the vehicle was capable of being used when he knew or should have known that it was unsafe to do so;" and, "authorized or permitted CT Page 1552 a third person to use said vehicle and failed to expressly limit the scope and use when provided for the use of said vehicle."
The plaintiffs have not only alleged that the key was left in the ignition, but have alleged "something more" in that the defendant authorized the use of the vehicle by a third party and failed to limit the scope of that use. Accordingly, the court denies the defendant's motion to strike count three of the complaint.
With respect to count four, alleging recklessness, the defendant asserts that the plaintiffs' claim fails because "the plaintiff does not allege facts to show that the conduct was willful or malicious."
"[R]eckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . ." (Internal quotation marks omitted.) Coble v. Maloney,34 Conn. App. 655, 670, 643 A.2d 277 (1994). "[A] complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted."Warner v. Leslie-Elliott Constructors. Inc., 194 Conn. 129, 138,479 A.2d 231 (1984). "To raise an allegation of wilful conduct, the plaintiff must clearly plead that the accident was caused by the wilful or malicious conduct of the defendants." Id. If the plaintiff merely reiterates the facts from the negligence count and inserts the word "reckless," a motion to strike is properly granted. See Knoblach v. Atlantic Ventilating and Equipment Co.,
Superior Court, judicial district of Hartford, Docket No. 524505 (October 25, 1993, Corradino, J., (10 Conn. L. Rptr. 275);Lezotte v. Hanover Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 112067 (January 6, 1993, Sylvester, J.).
In count four, the plaintiffs allege that the defendant "permitted third persons to use his vehicle without obtaining adequate information concerning whether said third parties had valid driver's licenses or were otherwise authorized to use vehicles on the roadway pursuant to the laws of the State of Connecticut. "The plaintiffs further allege, "[a]s a direct and proximate result of the recklessness of the defendant, Richard CT Page 1553 Hodgson, the plaintiffs have been caused to sustain damages and losses."
Count four does not plead any facts alleging that the defendant's conduct was "wilful" or "malicious." At most, the plaintiffs have pleaded that the defendant acted thoughtlessly or carelessly by not determining whether the third party was licensed to use vehicles in the state of Connecticut. Therefore, the court strikes count four of the plaintiffs' complaint.
The defendant next argues that the plaintiffs' prayer for relief under General Statutes § 14-295 must be stricken because the plaintiffs "fail to specifically plead that the defendant deliberately or with reckless disregard operated a motor vehicle in violation of any of the sections enumerated under this statute." The plaintiffs offer no opposition to the motion to strike as directed to the prayer for relief.
The prayer for relief seeks "treble damages pursuant to C.G.S. § 14-295 as requested at Counts Two and Four." Section 14-295 of the General Statutes provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234, 14-237,14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
The plaintiffs in the present case allege the following regarding their prayer for relief under § 14-295. The plaintiffs allege in counts one and two that the operator of the defendant's vehicle operated his vehicle recklessly while under the influence of alcohol, and failed to operate the vehicle on the right side of the roadway. For each of these alleged violations, the plaintiffs fail to cite to a specific statutory provision which proscribes such conduct. Rather, the plaintiffs cite generally to "Title 14 of the Connecticut General Statutes" without specific reference to any particular section therein.
The plaintiffs have neither alleged any of the enumerated statutes within § 14-295, nor that the defendant's conduct was a substantial factor in causing the plaintiffs' injury. CT Page 1554 Accordingly, the defendant's motion to strike the plaintiffs' prayer for relief under § 14-295 as to defendant Hodgson is granted.
___________________________ John W. Moran Judge of the Superior Court