[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Dimitrious Psaras, the petitioner, filed a "Complaint for a New Trial" pursuant to Connecticut General Statutes § 52-270. The court will consider the pleading as a "petition" for new trial (petition). The State of Connecticut, respondent, filed a "Motion to Strike/Motion to Dismiss" the petition. In respondent's memorandum of law and in its argument on April 16, 1999, the respondent did not attack the petition on jurisdictional grounds. The court will consider respondent's motion as a Motion to Strike.
 FACTS
On November 3, 1997, Dimitrious Psaras, the petitioner, pled guilty to seven felonies: six of the pleas of guilty were tendered pursuant to the Alford doctrine; see North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160 (1970); and one plea was a straight plea of guilty. The court canvassed the petitioner at the time of the pleas, pursuant to Connecticut Practice Book § 43-10, and entered guilty findings to each of the seven felonies.
On May 7, 1998, the petitioner was sentenced.
On or about. June 9, 1998, the petition for a new trial was filed. The petitioner bases his pleading on two grounds: (1) that petitioner received ineffective assistance of counsel; and (2) that the respondent engaged in prosecutorial misconduct. The petitioner claims that the ineffective assistance of counsel and the prosecutorial misconduct "forced [him] to plead guilty under the Alford plea," and therefore, seeks a new trial.[1]
 MOTION TO STRIKE
The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. (Citations omitted.) Peter-Michael. Inc. v. Sea Shell Associates,244 Conn. 269, 270 (1998). We must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. CT Page 6956 (Citations omitted.) Id. If facts provable in the complaint would support a cause of action, the motion to strike must be denied. (Citations omitted.) Id., 270-71. If those facts support the cause of action or defense, the motion to strike must fail. AlarmApplications Company v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545 (1980). Ultimately, however, the motion will be tested by the facts which can be proved under the allegations of the pleading to which the motion is addressed. Barnett v. Rosenthal,40 Conn. Sup. 149, 151 (1984).
A motion to strike raising any claims of legal insufficiency shall "separately" set forth each such claim and shall "distinctly" specify reason(s) for each such insufficiency. Connecticut Practice Book § 10-41. Board of Education v. DowChemical Co., 40 Conn. Sup. 141, 142 (1984).
A general statement that the complaint does not state a claim upon which relief can be granted is insufficient to comply with Connecticut Practice Book § 10-41. Morris v. Hartford CourantCo., 200 Conn. 676, 683, n. 5 (1986). However, a motion "which is unspecific but which adequately submits the material issue to the court, . . . is sufficient to comply with (Connecticut Practice Book § 10-41)." Rowe v. Godou, 12 Conn. App. 538, 541-42
(1987).
The court, in passing upon the motion, should consider only the grounds specified. Blancato v. Feldspar Corp. , 203 Conn. 34,44 (1987).
A motion to strike admits all facts well pleaded, supra, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc196 Conn. 91, 108.
 DISCUSSION
The petitioner alleges as the first ground of the petition the ineffective assistance of his counsel. Pursuant to a Motion to Strike the court will assume as true these facts:
 (a) the respondent's criminal case against the petitioner was based upon the testimony of an informant;
 (b) the petitioner's predecessor attorney, Schultz, had a tape recording of the informant which indicated that the CT Page 6957 informant was being pressured to make the petitioner commit crimes;
 (c) the attorney who represented the petitioner (at the time of the entry of the pleas of guilty under the Alford doctrine) failed to confront the informant with this evidence; and
 (d) (the attorney) further failed to present other damaging evidence with respect to the informant.
The second ground of the petition the petitioner alleges that the respondent engaged in prosecutorial misconduct. Pursuant to the Motion to Strike, the court assumes as true the following facts:
 (a) the (respondent) (gave) statements to the local newspapers which inferred the (petitioner) was a member of organized crime;
 (b) the (respondent) persisted in talking to the media even after the court had admonished him against doing so.
The respondent pursuant to Connecticut Practice Book §10-3 9 et seq. moves to strike the petition for a new trial on the grounds that it fails to state a cause of action for which relief may be granted.
When the respondent contests the legal sufficiency of a petitioner's claim that he is entitled to a new trial, the trial court is required to compare the allegations in the petition for a new trial with the evidence at the original trial. Pass v.Pass, 152 Conn. 508, 510 (1965). The court must determine whether the allegations in the petition for a new trial, together with any appropriate exhibits, establish within the limits of sound discretion, grounds entitling the petitioner to a new trial.Lancaster v. Bank of New York, 147 Conn. 566, 579 (1960); Link v.State, 114 Conn. 102, 107 (1932). Where the grounds alleged are inadequate to support the exercise of discretion to grant a new trial, they are deficient as a matter of law. Id.
The thrust of the claim of ineffective assistance of counsel is that at the proceeding at which the petitioner entered pleas of guilty the attorney representing the petitioner was deficient in not vigorously attacking the credibility of the informant. The respondent articulates it succinctly: "The petitioner's CT Page 6958 allegations fail to address how his counsel could be deemed ineffective for failing to confront a potential witness (the informant) in the absence of a trial."
The plaintiff pled guilty November 3, 1997, and after a plea canvass by the court, the findings of guilty were entered.
As part of the plea canvass, the defendant explicitly waived, inter alia, his right to trial and his right to confront and cross examine his accusers.
The nature of the petition alleges that counsel for the plaintiff failed to impeach the informant. The plaintiff himself waived his right to impeach the informant. The plaintiff cannot have it both ways. There is no right to confront one's accuser in the absence of a trial.
The first ground of the petition, ineffective assistance of counsel, is legally insufficient to state a cause of action and must fail.
In petitioner's second claim, he alleges prosecutorial misconduct. The court assumes the allegations in support of this claim are true. However, the allegations are insufficient to warrant relief.
There is no nexus as to time or materiality between the alleged misconduct and the petitioner's tendering his pleas of guilty.
In the proceeding of April 16, 1999, counsel for petitioner indicated the alleged misconduct at a point in time when petitioner was represented by Attorney Shultz, petitioner's initial counsel, and prior to this court having taken over the case, this places the alleged misconduct at a point in time substantially before the plea session of November 3, 1997.[2]
The claims of the petitioner relevant to the alleged prosecutorial misconduct do not allege, except as a conclusion, any prejudice to petitioner. Petitioner does not claim that the alleged publicity precluded him from selecting a fair and impartial jury or that he was precluded from seeking a change of venue or that he suffered any other prejudice.
The petitioner fails to state a cause of action, relevant to CT Page 6959 each of the claims, for which relief may be granted.
The respondent's Motion to Strike is granted as to each of the petitioner's two claims: ineffective assistance of counsel and pro secutorial misconduct.
Miano, J.